# NEW YORK CENTRAL & HUDSON RIVER RAIL-ROAD COMPANY *v.* GRAY.

## ERROR TO THE SUPREME COURT, APPELLATE DIVISION, FIRST JUDICIAL DISTRICT, STATE OF NEW YORK.

No. 147. ' Argued December 17, 1915.—Decided January 10, 1916.

The anti-pass provision in the Hepburn Act of 1906 applies to common carriers by railroad in interstate commerce with respect to transportation within the bounds of a State as part of an interstate journey.

While the anti-pass provision in the Hepburn Act of 1906 operates upon an agreement for exchange of transportation for anything else than money made prior to the passage of the Act so that specific performance can no longer be required, an interstate carrier cannot for this reason refuse to make just compensation in money for an unpaid balance for services fully performed under such a contract before the passage of the Act. *Louis. & Nash. R. R.* v. *Mottley,* 219 U. S. 476, distinguished.

161 App. Div. 924, 932, affirmed.

THE facts, which involve the construction of the provisions of the Interstate Commerce Act as amended in 1906, prohibiting discrimination in regard to facilities and privileges of transportation and the validity of contracts made prior to the Hepburn Amendment and the rights of parties thereunder, are stated in the opinion.

*Mr. William Mann,* with whom *Mr. Charles C. Paulding* was on the brief, for plaintiff in error:

The transportation which plaintiff in error agreed to furnish defendant in error was to be used on interstate journeys and was, therefore, subject to the provisions of the Act of February 4, 1887, and the amendments thereof and supplements thereto, known as the Interstate Commerce Act. *Southern Pacific Co.* v. *Int. Com. Comm.,* 219 U. S. 498; *Tex. & N. O. R. R.* v. *Sabine Tram Co.,* 227

U. S. 111; *Louisiana R. R. Comm.* v. *Tex. & Pac. Ry.*, 229 U. S. 336.

On and after August 28, 1906, when the amendment to the Interstate Commerce Act of June 29, 1906, became effective, it was unlawful for the plaintiff in error to furnish defendant in error transportation for use on an interstate journey, except upon receiving from him in money the regular fare provided in its tariffs in payment for such transportation. *Louis. & Nash. R. R.* v. *Mottley,* 219 U. S. 467; *Chi., Ind. &c. Ry.* v. *United States,* 219 U. S. 486.

The refusal of plaintiff in error to furnish defendant in error transportation in September, 1906, to apply in part payment of the map in question, did not constitute a breach of the agreement on its part and no cause of action arose in favor of defendant in error because of such refusal.

*Mr. Arthur W. Clement,* with whom *Mr. Wilson E. Tipple* was on the brief, for defendant in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

In the month of November, 1900, Charles P. Gray, the defendant in error, made an agreement with the representatives of the New York Central & Hudson River Railroad Company, plaintiff in error, to make for the company a large map of the Vanderbilt Lines for the World's Fair, which was to take place at Buffalo in the following year. The price agreed to be paid him was $750, of which $150 was to be paid in cash and the balance in transportation to be used by defendant in error in traveling between New York City and his farm in Girard, Pa., following the lines of plaintiff in error between New York and Buffalo, and the line of another and independent railroad between that point and Girard. The map was made, delivered, and accepted, and the cash payment

of $150 was made. At different times between the making of the contract and the month of September, 1906, defendant in error received from plaintiff in error transportation to the value of $55.77 applicable to this contract. In September, 1906, he called upon the company for transportation for himself and wife from New York City to Buffalo and return, intending to use it for a visit to the farm at Girard, Pa. The demand was refused, upon the ground that because of the provisions of the Interstate Commerce Law the company could furnish no additional transportation on account of his services. A second demand of the same kind having been refused, defendant in error brought an action against plaintiff in error in the City Court of the City of New York for the unpaid balance of the agreed price of the map, to which plaintiff in error set up the defense that by the terms of the Hepburn Act of June 29, 1906, it was unlawful to furnish transportation for any part of an interstate journey in payment for services or for any other consideration except a regular fare paid in money. The trial court, holding that this constituted no defense to the action, directed a verdict in favor of defendant in error for an amount made up by taking the agreed price of the map, deducting the cash payment and the amount paid in transportation, and adding interest to the balance. No particular question was or is made as to the *quantum* of recovery. The resulting judgment was affirmed by the Appellate Term of the Supreme Court, and its determination was affirmed by the Appellate Division of the Supreme Court for the First Judicial Department. 161 App. Div. 924, 932.

Leave to appeal to the Court of Appeals of the State was denied, and this writ of error was sued out.

Among the prohibitions contained in the Act of June 29, 1906, is the following (34 Stat. 587, c. 3591): "Nor shall any carrier charge or demand or collect or receive a greater or less or different compensation for such transportation

of passengers or property, or for any service in connection therewith, between the points named in such tariffs than the rates, fares, and charges which are specified in the tariff filed and in effect at the time; nor shall any carrier refund or remit in any manner or by any device any portion of the rates, fares, and charges so specified, nor extend to any shipper or person any privileges or facilities in the transportation of passengers or property, except such as are specified in such tariffs." The reference, of course, is to common carriers by railroad in interstate commerce; and it is not questioned that plaintiff in error is within this category. The act took effect August 28, 1906 (34 Stat. 838, Res. 47).

In *Louisville & Nashville R. R.* v. *Mottley*, 219 U. S. 467, 476 *et seq.*, it was held that the prohibition we have quoted prevented the exchange of transportation for services, advertising, releases, property, or anything else than money, and that this operated upon an agreement made long before the passage of the act whereby the carrier, in consideration of a release of damages for injuries sustained by Mottley and his wife in consequence of a collision of trains upon the railroad, agreed to issue free passes to them, renewable annually during their several lives, the result being that after the taking effect of the Hepburn Act specific performance of this agreement could no longer be required.

That the prohibition applies with respect to transportation within the bounds of a State as part of an interstate journey is quite clear. *So. Pac. Terminal Co.* v. *Int. Com. Comm.*, 219 U. S. 498, 527; *Ohio Railroad Comm.* v. *Worthington*, 225 U. S. 101, 110; *Louisiana R. R. Comm.* v. *Tex. & Pac. Ry.*, 229 U. S. 336, 340.

In the present case, therefore, the railroad company acted strictly in accordance with the law when it refused any longer to furnish transportation to defendant in error in performance of the contract of November, 1900.

But from this it by no means follows that it could refuse to make just compensation in money for the unpaid balance of the purchase price of the map. The judgment of the state court proceeded upon the ground that since the contract had been fully performed by Gray, so that the railroad company had received the entire benefit of it, and since the delivery of the particular consideration stipulated for had been prohibited by the Act of Congress, the company thereupon became bound upon general principles of justice to pay him an equivalent in money for the balance of the consideration. In so holding the court was simply administering the applicable principles of state law, and did not run counter to the Act of Congress. If the court had accorded legal efficacy to an executory contract made after the taking effect of the Hepburn Act and contrary to its provisions, a different question would be presented. But there is nothing in the Act to prevent or relieve a carrier from paying in money for something of value which it had long before received under a contract valid when made, even though the contract provided for payment in transportation which the passage of the Act rendered thereafter illegal. In the *Mottley Case*, while the right to further specific performance of the contract for free passage was denied, the court said (219 U. S. 486): "Whether, without enforcing the contract in suit, the defendants in error may, by some form of proceeding against the railroad company, recover or restore the rights they had when the railroad collision occurred is a question not before us, and we express no opinion on it."

*Judgment affirmed.*