## PAYNE, DIRECTOR GENERAL OF RAILROADS *v*. ELLIOTT.

[No. 11,081. Filed January 26, 1922.]

1. CARRIERS.—*Contracts.*—*Validity.*—*Compensation for Services.* —*Pass.*—*Statutes.*—Where a railroad company entered into an agreement with plaintiff whereby he conveyed a right of way to the company and agreed to act as station agent for it, and in consideration the railroad agreed to issue an annual pass to plaintiff for life, if the railroad was engaged in interstate commerce, and the pass was issued as part payment for the right of way, the contract was invalid under, and the issuance of the pass prohibited by, §8563 U. S. Comp. Stat. 1918, and, if the railroad was engaged in intrastate commerce, the issuance of the pass was prohibited by §5544 Burns 1914, Acts 1907 p. 454. p. 418.

2. WORK AND LABOR.—*Acceptance of Services of Station Agent.* —*Liability of Railroad.*—Where a station agent, who had been acting in that capacity for a railroad company under a contract requiring it to give him an annual pass as compensation for his services, continued to perform his duties on the railroad's failure to issue the pass because the management of the company had no knowledge of the contract, and such services were accepted, the railroad company became liable for the reasonable value of such services, although the railroad tendered the agent a pass, which was refused, as soon as it learned of the existence of the contract. p. 418.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by William Elliott against John Barton Payne, Director General of Railroads, as agent, etc. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John E. Iglehart, Edwin Taylor* and *Kiper & Fulling,* for appellant.

*Walton M. Wheeler,* for appellee.

MCMAHAN, J.—Complaint by appellee in two paragraphs to recover for services rendered as agent for appellant at Elliott's Station. The first paragraph, after

formally alleging the incorporation of the Evansville and Indianapolis Railroad, the appointment of a receiver, and the operation of the road by the receiver from February, 1916, to May 31, 1918, alleges that on the last named date the United States government took charge of said road and operated same through the director general of railroads. In March, 1887, appellee, being the owner of a certain eighty-acre tract of land, his wife joining, entered into an agreement whereby they conveyed a fifty-foot right of way to said railroad across said land, appellee therein agreeing to act as agent of said railroad at Elliott's Station during his life or as long as satisfactory to the railroad. The railroad, in consideration for said conveyance and agreement on the part of appellee, agreed to issue to appellee and his wife passes entitling them to ride over said railroad at their pleasure, free of charge, said passes to be renewed annually for life, and to issue a free pass to one Minnie Elliott to be renewed annually for five years. Appellee upon the execution of said instrument and pursuant thereto assumed the duties of such agent and has ever since so acted down to the commencement of this action. The passes were issued as required in said agreement from 1887, to and including 1918, and they were accepted by appellee in the discharge and satisfaction of obligations accruing in his favor under said agreement. It is also alleged that appellee's services as such agent from May 31, 1918, were of the value of $1.50 a day, and demanded judgment. The second paragraph is the same as the first, except it seeks to recover the value of such services from December 31, 1917, to May 31, 1918.

The cause being at issue it was tried by the court, the facts found specially, and the conclusions of law stated thereon that appellee was entitled to recover $280 for services from January 1, 1919, to March 1, 1920.

The only question presented for our consideration is that the court erred in its conclusions of law.

The facts found are, in substance, as alleged in the complaint. The court also found that a pass had been issued to appellee's wife annually up to the time of her death in 1916, and that passes had been issued to appellee each year including 1918. The pass to appellee was discontinued in 1919, without any knowledge on the part of the director general of the contract set out in the complaint. After the bringing of this suit the attention of the director general being called to the contract, he caused a pass to be made out for the use of appellee and in June, 1919, tendered same to him, and appellee refusing to accept the same, it was brought into court for his use. All passes issued to appellee up to and including one issued for 1918, were issued under the belief that they were legal and were accepted and used by appellee under that belief. Appellee has complied with all the terms of said agreement and the railroad company, the receiver, the director general of railroads, his agents and their successors have complied with all the terms of said contract, except during the period from January 1, 1919, to June 26, 1919, during which time no pass was issued to appellee because of want of knowledge of said contract on the part of the director general. It was also found that appellee had received nothing for his services from January 1, 1919, to March 1, 1920, and that his services for that time were worth $20 per month.

The facts in this case are not controverted. The question for our consideration arises upon the construction of the contract of 1887, in relation to the subject of passes.

As we view the facts in this case, it is immaterial whether the railroad in question was an interstate or

an intrastate railroad or whether it was or was
not engaged in interstate commerce. If the con-
tract in question is controlled by the act of Con-
gress regulating commerce (§8563 U. S. Comp. Statutes
1918), and the pass was issued as part payment for the
right of way, such contract was rendered invalid and the
issuance of such pass prohibited by that act. *Louisville
etc., R. Co.* v. *Mottley* (1911), 219 U. S. 466, 55 L. Ed.
297; *New York, etc., R. Co.* v. *Gray* (1916), 239
U. S. 583, 60 L. Ed. 451. If the contract is controlled
by §5544 Burns 1914, Acts 1907 p. 454, the issuance of
passes was prohibited by that section. *Evansville, etc.,
R. Co.* v. *Vanada* (1914), 57 Ind. App. 415, 106
N. E. 388. Appellant however contends that
since appellee was an agent for the railroad,
neither the federal nor the state statutes forbade the
issuance of such pass. This may be true, but all passes
issued to appellee including the one issued by appellant
and tendered to appellee in June, 1919, were issued pur-
suant to said contract and not merely as a gratuity to
appellee as agent. Passes when issued to an agent are
not, under the law, issued as compensation for services
rendered, but as gratuities. *Louisville, etc., R. Co.* v.
*Mottley, supra; Fort Wayne, etc., Traction Co.* v. *Justus*
(1917), 186 Ind. 464, 115 N. E. 585; *Clark* v. *Southern
R. Co.* (1918), 69 Ind. App. 697, 119 N. E. 539. Dur-
ing the many years prior to January 1, 1919, appellee
acted as agent under the contract of 1887, and when
appellant in 1919, failed to issue the pass according to
the terms of the then invalid contract, and continued
to accept the services of appellee as agent, the law im-
plied an agreement to pay him the reasonable value of
such services. Appellant was under no obligations to
retain appellee in his employ and when he had his at-
tention called to the fact that appellee had refused to
accept the pass issued in June, 1919, and thereafter

continued to retain appellee as an employe and to accept his services, the law will award appellee compensation according to the value of the services rendered.

Finding no reversible error in the record, the judgment is affirmed. ·