[No. 12773.   Department One. — January 25, 1892.]
WILL WRIGHT, RESPONDENT, *v.* P. LIESENFELD,
APPELLANT.

NEGOTIABLE PAPER — INDORSEMENT — WAIVER OF PROTEST — INSUFFICIENT
EVIDENCE. — In an action against the indorser of a note, evidence that
at the time of the transfer there was an understanding between the in-
dorsee and the indorser that the former would hold the latter liable on
the note if the maker did not pay it, and that the indorsee took the
note because he would have a better opportunity of seeing the maker
than the indorser would, does not tend to prove a waiver of notice or
demand by the indorser, and will not support a finding to that effect.

APPEAL from an order of the Superior Court of the
city and county of San Francisco denying a new trial.

The facts are stated in the opinion.

*Jarboe, Harrison & Goodfellow*, for Appellant.

*Estee, Wilson & McCutchen*, and *Estee & Boalt*, for Re-
spondent.

TEMPLE, C. — Defendant appeals from an order deny-
ing him a new trial.

Defendant is sued as the indorser of two promissory
notes made payable to himself by one Hixon, and by
him transferred, after maturity, to plaintiff.   The com-
plaint avers a demand upon Hixon, and due notice to
defendant.   A demand was proven, but no notice of the
refusal to pay was given for several months after the re-
fusal.   No excuse for failure to notify the indorser is
alleged or proven, but it is claimed that demand and
notice were waived at the time of the transfer.

Prior to the transfer, defendant had left the notes with
his banker for collection, and had indorsed them for
that purpose.   Plaintiff had become the owner of the bil-
liard-tables, and agreed to return them to defendant for
the notes, provided defendant would indorse them.   The
notes were procured from the bank, and delivered to
plaintiff as they were.

Plaintiff testified: " I asked him for the notes duly in-

dorsed, and they were produced. I told him then if I should fail to collect the money from the other party I would come back on him. . . . . I stated at the time to Mr. Liesenfeld, if I could not make the money out of the other party that I would come back to him, — come on him for it, because I did not want to give up my billiard-tables on such an uncertainty, and his remark was, that that was all right, that I could get the money out of the other man because he belonged to the northern country where I was traveling, — that was up in Washington Territory, Oregon, and British Columbia, — and that I would have opportunities of seeing him and could keep track of him. I said I would try, and I did try, to get it. He said that he couldn't keep track of a man up in that territory so well as I could, and upon the strength of that, of course, I turned over my billiard-tables, because I knew I was safe either way."

The defendant denied having indorsed the notes to plaintiff, but claimed that the contract was, that plaintiff should take the notes for the tables without recourse upon the defendant. The evidence upon this issue was conflicting, and we cannot, therefore, disturb the finding.

We do not find, however, in the record a *scintilla* of evidence tending to show that at the time of the transfer of the notes, or afterwards, demand or notice were waived. The gist of it is quoted above, and the effect is only to show that plaintiff intended to hold defendant as indorser. There is nothing which tends to prove that it was agreed, or that Liesenfeld could have understood, that he waived notice. That plaintiff would come back upon him, or look to him in case the maker did not pay, was but his right as indorsee. Liesenfeld could not have understood from this that he waived his rights as indorser.

It is admitted that notice was necessary to charge the indorser, unless it was waived. As there is no evidence of such waiver, we think the finding to that effect cannot stand.

We think the order should be reversed, and a new trial granted.

FITZGERALD, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is reversed, and a new trial granted. It is further ordered that this judgment be entered as of September 1, 1891.

By direction of Chief Justice Beatty, Mr. Justice Sharpstein was assigned to Department One to participate in the decision of this case, in place of Mr. Justice Harrison, who was disqualified.