(83 App. Div. 141.)

CONGRESS BREWING CO., Limited, v. HABENICHT.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. NOTES—LIABILITY OF INDORSER—DEMAND—NOTICE OF DISHONOR—NECESSITY.
   Defendant was indorser on a note dated July 26th, and payable on demand. Contemporaneous with its execution, plaintiff delivered to defendant an instrument acknowledging that the indorsement was intended as security for any debts which the maker might contract with plaintiff, and that defendant reserved the right to withdraw his indorsement at the end of four months, provided he paid plaintiff the amount of such debts. Some time after August 23d, but within four months, plaintiff informed defendant of the amount of the maker's then indebtedness, and defendant said he would see the maker, and, if the latter did not make his account good, he would "go and shut him up." *Held* not to relieve plaintiff from the obligation to demand payment of the note of the maker, and give notice of dishonor to defendant.

2. SAME—WAIVER—PLEADING—EVIDENCE.
   To warrant the admission of evidence that an indorser of a note has waived due presentment and notice of dishonor, the facts constituting the waiver must be set out in the complaint; and they cannot be proved under allegations setting up presentment and protest, and that notice of these acts was given the indorser.

Appeal from Municipal Court of City of New York.

Action by the Congress Brewing Company, Limited, against Robert C. Habenicht. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

¶ 2. See Bills and Notes, vol. 7, Cent. Dig. § 1639.

Edward J. Moore, for appellant.
Everett Caldwell, for respondent.

HIRSCHBERG, J.  The action is brought against the appellant as indorser of a promissory note dated July 26, 1902, and payable on demand at the office of the plaintiff in the borough of Brooklyn. The note is for $200, without interest; and contemporaneous with its execution the plaintiff executed and delivered to the appellant an instrument in writing, acknowledging that the indorsement was as security for any debts which the maker might contract in his business dealings with the plaintiff, and that the appellant reserved the right to withdraw his indorsement at the end of four months from the date of the note, provided he should pay to the plaintiff such debts, up to the sum of $200, upon making which payment he should be relieved from further liability on account of the said indorsement.   It is not questioned but that the amount of the damages recovered represents debts owing by the maker, within the conditions of the security;  the appeal challenging only the general liability of the appellant upon his contract of indorsement.

The complaint alleges that on or about August 23, 1902, payment of the amount due on the note was duly demanded of the maker, but refused, and due notice thereof was given to the appellant; and it also alleges that the appellant duly waived notice of the dishonor of the note.   Neither allegation was established by proof upon the trial.   There was no proof that the note was presented for payment, or exhibited at the place where it is payable or at any other place, in accordance with the requirements of sections 133 and 134 of the negotiable instruments law (chapter 612, p. 719, Laws 1897), or that notice of dishonor was waived.   It is not claimed on behalf of the respondent that there was any express waiver, but an implied waiver is sought to be founded upon the fact that some time after August 23, 1902, but within four months of the date of the note, the plaintiff informed the appellant of the amount of the maker's then indebtedness, and the appellant said that he would see the maker, and that, if the latter did not make his account good, he would "go and shut him up."   This was not sufficient to relieve the plaintiff from the obligation to demand payment and to give notice of dishonor, as prerequisites to the enforcement of the note, as such, against the appellant as indorser.   As the learned counsel for the respondent concedes in his brief, the note was not due at the time of this conversation, assuming that the holder was not yet obliged to demand payment under section 131 of the negotiable instruments law, supra, and assuming that the appellant had contracted that he would be liable on his indorsement for four months.   There was nothing in the conversation indicating an intention to waive the requirements of the law.   The cases cited by the respondent's counsel (Sheldon v. Horton, 43 N. Y. 93, 3 Am. Rep. 669, and Cady v. Bradshaw, 116 N. Y. 188, 22 N. E. 371, 5 L. R. A. 557) are not in point.   In each case the indorser agreed to an extension of the time for payment of the note by the principal debtor, and therefore necessarily waived a demand for payment at maturity.   An agreement that a note need not

be paid in accordance with its terms is clearly inconsistent with insistence that such payment be demanded. Here there was no agreement that the note need not be paid, or any agreement or suggestion which could possibly be construed into a waiver of anything in reference to that instrument. The complaint, moreover, contains no allegation that there was a waiver of presentment and demand. The allegation of waiver is confined to the notice of dishonor, and no facts are stated from which the implication of waiver relied on may be deduced. In Bird v. Kay, 40 App. Div. 533, 58 N. Y. Supp. 170, it was held that evidence tending to show that the indorser of a promissory note waived presentment and notice of protest is not admissible in an action brought to charge him upon his contract of indorsement unless the facts constituting the alleged waiver are set out in the complaint. And I see no reason why the logic of the decision is not applicable to the claim of implied waiver of notice of dishonor. The court said (page 536, 40 App. Div., page 171, 58 N. Y. Supp.):

"Kay was liable upon this note only as indorser. Spies v. Gilmore, 1 N. Y. 321; Bacon v. Burnham, 37 N. Y. 614. As such, his liability depended upon the same conditions as that of any other indorser, and it was necessary that the same proceedings should be taken to charge him. While there can be no doubt that an indorser may waive his right to have the note presented for payment, and to be notified of the protest of it, so that he will be liable without the taking of such steps, yet, if it is sought to charge him because of such waiver, it is necessary that the facts constituting the waiver should be set out in the complaint; and those facts cannot be proved under allegations alleging presentment of the note and protest, and that notice of these acts was given to the indorser. Clift v. Rodger, 25 Hun, 39; Alleman v. Bowen, 61 Hun, 30 [15 N. Y. Supp. 318]."

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.