33 *L.R.A. 641* 6

Ross WORLEY, *Plaintiff in Error*, v. A. J. JOHNSON, *Defendant in Error*.

1. An endorser without qualification of a note engages that on due presentment, it shall be paid according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor being duly taken, he will pay the amount thereof to the holder.

2. Presentment for payment unless dispensed with or excused is necessary in order to charge an endorser, but presentment may be expressly or impliedly waived.

3. Notice of dishonor unless dispensed with or excused must be given to an endorser or he is discharged unless the notice is expressly or impliedly waived.

4. Under the statute an endorser of a negotiable promissory note is not liable thereon as endorser if due presentment is not made to the maker for payment, and notice of dishonor is not given, unless presentment and notice are excused, dispensed with or waived.

5. The rights of an endorser of a negotiable promissory note to have due presentment and notice before liability attaches to him thereon, are annexed by law for the benefit of the endorser, and under the terms of the statute such presentment and notice may be expressly or impliedly waived. Waiver may be implied from the conduct of the endorser.

6. Where before the maturity of a negotiable promissory note an indorser thereof by unequivocal words or acts shows that ne regards his liability as indorser to be absolute and not to be dependent upon proper presentment for payment and notice to him of the dishonor of the note, or where the indorser by unequivocal words or acts fairly warrants the holder of the note to conclude that the indorser intended to assume an absolute liability or misleads the holder and induces him to dispense with the presentment for payment and notice of dishonor required by law to fix the liability of an endorser, the indorser may be regarded as having waived his right under the law to have due presentment made and notice of dishonor given to him. The words or acts of the indorser must be of such a character as to fairly justify the holder in being misled thereby or to warrant the holder in concluding that the indorser intended to permit the presentment and notice of dishonor to be dispensed with or intended to assume an absolute liability.

7. A waiver of presentment and notice being in derogation of a statutory right of the indorser, will not be inferred from doubtful acts or language of the indorser.

8. Where an indorser of a negotiable promissory note before its maturity is informed by the holder that the makers denied liability and had told him they would not pay the note at maturity or at any other time, and the indorser stated that he did not have the money to pay the note, but that he was liable thereon and if the holder would sue the makers and should fail

to recover from them he the indorser would pay it, such action by the indorser is not inconsistent with or a waiver of his right to have due presentment to the makers for payment made and notice of dishonor given him as a prerequisite to his liability on the note as indorser.

9. In an action against an indorser of a negotiable promissory note, where the declaration alleges due presentment of the note for payment and notice of its dishonor to the indorser and such material allegations are not proven, a judgment for the plaintiff will be reversed.

10. Common counts are not applicable in an action against an indorser as such of negotiable promissory notes.

This case was decided by Division A.

Writ of error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*W. B. Davis,* for Plaintiff in Error;

*Thomas B. Adams,* for Defendant in Error.

WHITFIELD, C. J.—An action was brought by A. J. Johnson the holder of two notes against Ross Worley the endorser thereof, the notes having been made by J. H. Edwards and J. C. West payable to the order of Ross Worley and endorsed in blank by Ross Worley. Besides the common counts the declaration contains two counts on the note due December 15, 1908, and two counts on the note due January 10, 1909. The first and second counts allege severally that the note "was duly presented for payment and was dishonored whereof the defendant had due notice," and the third and fourth counts allege severally that "the plaintiff, a few days before the maturity of said

note, informed the makers personally that he was the holder of the same and would expect payment at maturity; and the said makers then and there denied liability on said note and said they would not pay the same at maturity or at any other time; that a few days thereafter and before the maturity of said note, the plaintiff personally informed the defendant of said statements of said makers, and then and there informed defendant that he, plaintiff, did and would look to defendant for payment of said note; that the defendant then and there stated that he did not have the money to pay said note, but that he was liable on the same and that if plaintiff would sue the said makers and should fail to make the money out of them he would pay it; that by said conversation and statements of the defendant, plaintiff was induced not to make any further demand at maturity upon said makers or to give any further notice of dishonor of said note."

A demurrer to each of the special counts were interposed, among the grounds being in effect that no sufficient facts are alleged to show a legal waiver or presentment for payment; that no showing is made of any effort to collect from the makers of the note, and that the alleged waiver is not sufficient. The court overruled the demurrer. A plea of never was indebted was filed to the common counts. Among the pleas to the first and second counts are several that aver the notes were not presented for payment, that defendant had no notice of the dishonor of the notes, and that no proper legal notice of dishonor was ever given to defendant. Judgment was rendered for the plaintiff and writ of error was taken by the defendant.

An endorser without qualification of a note engages that on due presentment, it shall be paid according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor being duly taken, he will pay the amount thereof to the holder. Presentment for payment

unless dispensed with or excused is necessary in order to charge an endorser, but presentment may be expressly or impliedly waived. Notice of dishonor unless dispensed with or excused must be given to an endorser or he is discharged unless the notice is expressly or impliedly waived. Sections 2999, 3003, 3012, 3013, 3014, 3020, 3036, 3038, 3039 General Statutes of 1906.

Under the statutes an endorser of a negotiable promissory note is not liable thereon as endorser if due presentment is not made to the maker for payment, and notice of dishonor is not given, unless presentment and notice are excused, dispensed with or waived. The rights of an endorser of a negotiable promissory note to have due presentment and notice before liability attaches to him thereon, are annexed by law for the benefit of the endorser, and under the terms of the statute such presentment and notice may be expressly or impliedly waived. Waiver may be implied from the conduct of the endorser. Baumeister v. Kuntz, 53 Fla., 340, 42 South. Rep., 886; see also Galbraith v. Shepard, 43 Wash., 698.

Where before the maturity of a negotiable promissory note an indorser thereof by unequivocal words or acts shows that he regards his liability as indorser to be absolute and not to be dependent upon proper presentment for payment and notice to him of the dishonor of the note, or where the indorser by unequivocal words or acts fairly warrants the holder of the note to conclude that the indorser intended to assume an absolute liability or misleads the holder and induces him to dispense with the presentment for payment and notice of dishonor required by law to fix the liability of an endorser, the indorser may be regarded as having waived his right under the law to have due presentment made and notice of dishonor given to him. The words or acts of the indorser must be of such a character

as to fairly justify the holder in being misled thereby or to warrant the holder in concluding that the indorser intended to permit the presentment and notice of dishonor to be dispensed with or intended to assume an absolute liability. 2 Daniel's Negotiable Inst., chapter 1091; 4 Am. & Eng. Ency. Law (2nd ed.) 460; Trobert v. Montague, 38 Colo., 325, 87 Pac. Rep., 1145; Sieger v. Second Nat. Bank, 132 Pa., St. 307, 19 Atl. Rep., 217; Eaton & Gilbert on Commercial Paper, 521; McMahan v. Grant, 16 La., 683.

A waiver of presentment and notice being in derogation of a statutory right of the indorser, will not be inferred from doubtful acts or language of the indorser. 7 Cyc. 1127 and cases cited.

The allegation demurred to in the third and fourth counts is that before maturity the holder notified the makers that he held the note and would expect payment at maturity; that the makers then and there denied liability and said they would not pay the note at maturity or at any other time; "that a few days thereafter and before the maturity of said note, the plaintiff personally informed the defendant of said statements of said makers, and then and there informed defendant that the plaintiff did and would look to defendant for payment of said note; that the defendant then and there stated that he did not have the money to pay said note, but that he was liable on the same and that if plaintiff would sue the said makers and should fail to make the money out of them he would pay it; that by said conversation and statements of the defendant plaintiff was induced not to make any further demand at maturity upon said makers, or to give any further notice of dishonor of said note." These allegations are not inconsistent with the right of the indorser to presentment and notice.

The acknowledgement of the indorser as alleged is not of an absolute liability and there is nothing in the acts of the indorser as alleged to justify the holder in being misled or to fairly warrant the holder in concluding that the indorser by the language used intended to waive his right to have due presentment made and notice of dishonor given to him as a condition annexed by law to the indorser's liability on the note. The makers might have changed their minds and paid the notes on due presentment, therefore the indorser had a right to such presentment in the absence of a clear waiver. Prideaux v. Collier, 2 Stark (N. P.) 57, 3 E. C. L., 315; Duffy's Adm'r. v. O'Conner, 7 Baxter (Tenn.) 498; Isham v. McClure, 58 Iowa, 515, 12 N. Rep., 558; Kent v. Warner, 12 Allen (Mass.), 561; Wright v. Leesenfeld, 93 Cal., 90, 28 Pac. Rep., 849; Congress Brewing Co. v. Habenicht, 82 N. Y. Supp., 481.

The demurrers to the third and fourth counts of the declaration should have been sustained.

The allegations of the first and second counts that "the said note was duly presented for payment and was dishonored, whereof the defendant had due notice," are not sustained by proofs. See Farquhar v. Higham, N. D. 112 N. W., 557.

Common counts are not applicable in an action against indorsers as such of a negotiable promissory note; but it appears there was no recovery on the common counts included in the declaration here.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.