J. R. WILLIAMS, *Plaintiff in Error*, v. PENINSULAR GROCERY COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed May 3, 1917.

1. The statement of an ultimate fact in pleading is not objectionable as being a conclusion of law. An ultimate fact is necessarily a conclusion drawn from intermediate and evidentiary facts.

2. An allegation in a declaration upon a promissory note that the defendant "waived demand, protest and notice of demand, non-payment and protest" is not the allegation of a conclusion of law.

3. Pleading evidentiary facts violates a rule which requires the allegation only of ultimate facts, which rule is designed to eliminate long statements of fact in pleading which are often involved and confused.

4. Under the provisions of Section 2940 of the General Statutes of Florida, 1906, neither the validity nor the negotiable character of a promissory note is affected by the fact that the instrument bears a seal.

5. A promissory note executed by a corporation under seal, does not thereby become a sealed instrument so as to affect either the negotiability or character of the instrument or the remedy to enforce it.

6. An indorser without qualification upon a promissory note warrants by his indorsement that the instrument is genuine and in all respects what it purports to be, and engages that upon presentment the note will be paid at maturity according to its tenor.

7. In an action by the payee of a promissory note against an indorser without qualification, a plea that the note was not executed or delivered by the maker constitutes no defence and is demurrable.

8. Pleas not responsive to the declaration are demurrable.

9. Chapter 6486, Acts of 1913, Laws of Florida, entitled "An Act Authorizing The Maker or Makers of Promissory Notes or other Negotiable Instruments and Endorsers, Sureties, Guarantors or other Persons Secondarily Liable Thereon to be Sued in One and the Same Action," does not amend the Negotiable Instruments Law so as to make negotiable instruments joint contracts on the part of the maker and those secondarily liable thereon.

10. Under the Negotiable Instruments Law a promissory note has the same force and effect so far as the rules of pleading and evidence are concerned as a sealed instrument, a consideration is presumed. A plea of failure of consideration which merely avers that there was no consideration for making the note or none for the indorsement, is bad as amounting to the general issue which is forbidden in an action on a promissory note.

11. A special plea which contains no averment of fact that would not be admissible under an issue presented by a plea of payment, will be deemed bad on demurrer.

12. An indorsement of a promissory note is not necessarily a negotiation of it which requires delivery also. A plea which attacks the plaintiff's interest in the subject-matter of an action upon a promissory note which merely avers that the plaintiff had indorsed the note to another will be held bad on demurrer.

13. No intendment exists in the aid of a plea in abatement, it should be certain to that degree which excludes the idea of the existence of those facts necessary to support the action in the tribunal in which it is pending.

14. A plea in abatement setting up the defendant's right to be sued in the county of his residence which is different from that in which the action is pending, should contain specific averments as to the place where the cause of action accrued, of 'such degree of certainty as to exclude the idea that the cause of action may have accrued in the county where the action was brought.

15. A plea in abatement for non-joinder of defendants which does not aver that the persons not joined as defendants reside within the jurisdiction of the court, violates rule 18 of Circuit Courts in Law Actions, and will be stricken on motion.

16. In an action by the holder of a promissory note against an indorser, a plea which merely avers that the plaintiff extended the time of the payment of the note at the maker's request without the knowledge or consent of the defendant is susceptible to the construction that the extension of time was a mere forbearance on the plaintiff's part, and not the result of an agreement binding upon the holder, and is demurrable.

17. A motion for a compulsory amendment of a plea is addressed to the sound discretion of the court and the ruling thereon will not be disturbed unless it plainly appears that there was an abuse of judicial discretion.

18. The order of a trial court allowing amendments to pleadings will not be disturbed where no rule of procedure is violated to the injury of the opposite party and a sound judicial discretion abused.

19. The cause of action declared on in a declaration is determined by the allegations of fact contained therein, and not by the

conclusions of law alleged, nor the name given to it by the pleader.

20. Repugnancy in a declaration exists when the matters of substance alleged neutralize each other, or if the statements contained in the cause of action which is attached to and made a part of the declaration are inconsistent with the allegations therein.

21. Upon demurrer a plea will be tested by its weakest averments or by the most unfavorable construction that may be placed on its averments.

22. Under the Negotiable Instruments Law, Section 3042, General Statutes, 1906, an indorser of a negotiable instrument is discharged by any agreement binding upon the holder to extend the time of payment unless made with the indorser's assent, or unless the right of recourse against him is reserved.

23. An agreement between the holder and maker of a promissory note for an extension of the time of payment of the note should be supported by a valuable consideration.

24. A plea in an action against one of the indorsers of a promissory note by the holder, setting up that the holder agreed with one of the indorsers of the note other than the defendant, for "some good or valuable consideration" to extend the time of payment of the note, is bad, in not averring that the agreement was made with the first indorser; that each indorsement represented a negotiation of the instrument, and in not excluding the idea that the extension of the time of payment was gratuitously made, or without a valuable consideration.

25. A motion to strike certain counts in a declaration because they are merely repetitions of a certain other count should be granted, but where such motion is denied by the trial court the order will not constitute harmful error requiring a reversal of the judgment, unless it appears that the complaining party was thereby substantially injured by embarrassment in the preparation of his defense.

26. When one of the parties in an action at law propounds interrogatories to the opposite party under Section 1534 of the

General Statutes of Florida and such interrogatories are not answered as the statute requires, the court may in its discretion under Section 1535 of the General Statutes, upon the application of the party interrogating require the interrogatories to be answered.

27. Where a party to an action at law waits until nearly nine months after his plea is due under the rules to propound written interrogatories to the opposite party under Section 1534 of the General Statutes, which are not answered, and then makes no effort to compel the opposite party to answer under the provisions of Section 1535 of the General Statutes, he will not be heard to object to the cause proceeding to trial upon the ground that the interrogatories have not been answered.

28. Where pleas to a declaration are filed three or four months prior to a regular term of the court, the case is triable within the meaning of Rule 41 of the rules of the Circuit Courts requiring the clerk before each term to prepare a trial docket upon which he shall enter all cases at law triable at that term.

29. Rule 33 of the Rules of Circuit Courts which, among other things, provides that when a rule day occurs in term and such rule day is the day upon which the defendant is held to file his plea or demurrer to the declaration, any issue of fact arising upon such plea shall not be heard during that term unless by consent of parties, etc., has no application to additional or amended pleas or demurrers which are filed subsequently to the rule day succeeding that on which the declaration is filed.

30. Where a promissory note provides for the payment of a reasonable attorney's fee if after maturity it should be placed in the hands of an attorney for collection, the trial court is required under the statute to adjudicate the reasonableness of the fee, the judgment of the court as to such attorney's fee will not be disturbed when the record does not disclose the evidence which was before the jury upon such question.

Writ of Error to Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment affirmed.

*Anderson & Anderson,* for Plaintiff in Error;

*R. P. Daniel, Jr.,* for Defendant in Error.

ELLIS, J.—The defendant in error, hereinafter referred to as the plaintiff, sued J. R. Williams, hereinafter referred to as the defendant, in the Circuit Court for Duval County upon a promissory note alleged to have been made by the Sumter Lumber Company payable to the plaintiff, and which was endorsed by the defendant to the plaintiff. The note when due was presented to the maker for payment and dishonored, and suit was begun against the indorser. There was a verdict for the plaintiff upon which judgment was entered. The verdict and judgment included principal, interest and attorneys' fees. The defendant seeks to reverse the judgment upon writ of error.

The questions presented and argued are mainly questions of pleading and practice. The promissory note was dated at Jacksonville, Florida, June 1st, 1914, payable to the order of the plaintiff on December 1st, 1914, at the office of the Peninsular Naval Stores Company in Jacksonville, Florida, with interest at eight per centum per annum from date, payable semi-annually on June 30th and December 31st, of each year. The note contained the following clause: "The undersigned, as well as all sureties, endorsers, guarantors or other parties to this note, severally waive demand, protest and notice of demand, non-payment and protest. If placed in the hands of an attorney, after maturity for collection, the undersigned, as well as all sureties, endorsers, guarantors or other parties to this note, severally agree to pay all costs

of such collection, including reasonable attorney's fee. "Given under the hand and seal of each of the parties." It was signed by Sumter Lumber Company by J. R. Williams, President, and bore the word "seal" in parenthesis after each name. It was endorsed by B. W. Blount, G. A. McLeod and J. R. Williams, the latter being the defendant in this case.

There is no bill of exceptions in the record. The thirty-six errors assigned are based upon the record proper.

The first assignment of error is based upon the court's order overruling the defendant's demurrer to the plaintiff's declaration. The order was made June 29th, 1915, and allowed the defendant until the rule day in July, 1915, to plead. The demurrer contained six grounds. The question presented and argued upon this assignment is, whether the allegations of the declaration sufficiently show a waiver and consequent liability on the part of defendant as endorser in the absence of actual notice of dishonor.

The declaration contained two counts. The second may be eliminated from this discussion because it merely declares upon the defendant's liability for attorneys' fees and is dependent upon the first count. The first count alleged that the "Defendant indorsed said note to plaintiff and waived demand, protest and notice of demand, nonpayment and protest; that said note was presented for payment and was 'discharged' (dishonored) by the maker, but defendant did not pay said note." The note sued on was not made a part of the declaration, and therefore cannot be referred to in aid of the above allegation, which must stand alone in considering its compliance with the rules of pleading.

It is contended by defendant's counsel that the above

allegation is a "bare conclusion and violates a most elementary principle of pleading." A conclusion of law is objectionable in pleading, but the statement of an ultimate fact, which necessarily is a conclusion drawn from intermediate and evidentiary facts, is not. See Western Travelers' Accident Ass'n v. Munson, 73 Neb. 858, 103 N. W. Rep. 688, 1 L. R. A. (N. S.) 1068.

If it was intended by the use of the words "bare conclusion" to convey the idea that the allegation was a conclusion of law, the criticism is not sound. An allegation of waiver of demand, protest or notice of demand, is no more a conclusion of law than an allegation of endorsement, or that one executed a promissory note. Whether the defendant waived demand, protest or notice of demand, is purely a question of fact, and is none the less so because the statute provides that waiver of presentment may be express or implied. The case of Worley v. Johnson, 60 Fla. 294, 53 South. Rep. 543, cited by counsel for plaintiff in error, does not support the contention that the allegation of waiver in this case was a conclusion of law. In the Worley case the declaration alleged that the holder of the note before maturity informed the defendant, who was indorser, that the makers had denied liability, and that the holder would look to the defendant for payment, who admitted his liability and said if the makers were sued and the holder "failed to make the money out of them he (defendant) would pay it." This court merely said that there was nothing in that language to fairly warrant the holder in concluding that the indorser intended to waive his right to have due presentment made and notice of dishonor given to him. In other words, if the declaration in that case had alleged that the indorser had waived presentment and notice of non-payment, the facts as they were pleaded would not have supported the allegation. In the case of Baumeis-

ter v. Kuntz, 53 Fla. 340, 42 South. Rep. 886, the allegation was merely that the defendant before and after maturity of the note "waived the presentment thereof to the maker for payment." The allegation was not tested by demurrer, but the court said evidence of contemporaneous facts constituting the course of action of the parties at the time of the transaction may be shown to ascertain whether presentment for payment had been waived. If notice of presentment is waived, notice of dishonor is dispensed with. The statute provides that a waiver of protest is a waiver of presentment and notice of dishonor. Section 3036 General Statutes of Florida, 1906, Florida Compiled Laws, 1914. · The declaration alleged a waiver of protest. To have alleged in detail the process by which a note is protested and the words and acts of the defendant constituting a waiver of protest would have violated a rule requiring only an allegation of the ultimate · facts. Evidentiary facts in pleading should not be alleged, because such practice would make the statement long, often involved and confused. · See 10 M. A. L. 218. At common law it is necessary to plead facts according to their legal effect or operation. See 1 Chitty's Pleading (16th Am. Ed.) 260; Stephens' Pleading (Tyler) 341; Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618. We think the demurrer was properly overruled.

The defendant in July, 1915, filed fourteen pleas to the declaration. A demurrer was interposed as to all these pleas except the ninth, upon which issue was joined. The demurrer was sustained except as to the tenth and fourteenth pleas, as to which it was overruled, and as to the sixth and seventh which were stricken upon the plaintiff's motion. The tenth plea was ordered to be amended in compliance with plaintiff's motion. These orders were made December 6th, 1915, and constitute the basis

of the second and third assignments of error, and those numbered from seventeen to twenty-seven, inclusive.

Inasmuch as each of the above assignments of error is argued in the brief of plaintiff in error, we will undertake first to give the substance of each plea, but omit the formal parts and the unnecessary statements of fact. The first plea set out the note and averred that the corporate seal of the maker was not affixed to the instrument; second, the note was again set out, and averred to be an instrument under seal upon which an action of assumpsit would not lie; third, that the note was not the note of the Sumter Lumber Company and was not executed or delivered by it, or by any officer or agent thereof lawfully authorized; fourth, that no notice of dishonor was given to defendant as required by law; fifth, the note was again set out and it was averred that suit could only be maintained jointly against the maker and all indorsers; sixth, that the defendant endorsed the note jointly with others for the accommodation of the maker, which was known to the plaintiff, therefore the action should be joint against all the indorsers; seventh, that another suit was then pending upon the same instrument between the plaintiff and G. A. McLeod, one of the indorsers, but that no suit had been instituted against B. W. Blount, the other indorser; that in both suits the plaintiff sues for attorneys' fees and costs and the action should be a joint one; eighth, that there was no consideration for the execution of the note by the maker nor for the endorsement by the defendant; ninth, that the note was paid before action was brought; tenth, that when the note matured it was extended at the maker's request, and without the defendant's knowledge; eleventh, that one of the endorsers of the note, B. W. Blount, delivered to the plaintiff as security for the payment of the note a certain timber

lease or contract of the value of six thousand dollars, which Blount had no authority to do, as the lease was the property of some. one else, but the plaintiff accepted it and transferred it to another before the institution of this suit, and received the proceeds thereof; twelfth, that before the commencement of the suit the note was endorsed by the payee to Peninsular Naval Stores Company; thirteenth, the defendant claimed the privilege of being sued in Marion county where it was averred he resided and the cause of action accrued, and, fourteenth,. that the defendant did not endorse the note to the plaintiff.   The order required the defendant to amend his tenth plea so as to show what extension of time for payment had been granted and to allege in issuable terms a definite and binding agreement between the maker and payee for the postponement of the payment of the note.

It is contended in behalf of the plaintiff in error in support of the first plea, that as the instrument purports to be under seal, it creates no liability against the corporation maker because it does not bear an impression of the corporation's common seal, and as it is invalid as to the maker it cannot be enforced against the defendant who was indorser.   The case of Webster v. Wailes, 35 Fla. 267, 17 South. Rep. 571, is cited to support this proposition.   That was an action upon an appeal bond against one of the sureties.   The principal in the bond was the Florida Railway and Navigation Company, whose corporate seal was not affixed to the bond.   The court held that while the bond sued on was not the bond of the corporation because the corporate seal was not attached thereto, the action could be maintained against the sureties under the statute prescribing the method of appeal by a defendant.   The effort to liken the instrument sued on to a bond must fail because a bond is required to be under

seal. It must be under seal to give it the character of a deed, while a promissory note is not required to be under seal; but if it should be, its negotiability is not affected, nor is the character of the instrument changed. See Section 2940 General Statutes of Florida, 1906. An indorser without qualification warrants that the instrument is genuine and in all respects what it purports to be. Section 2999 General Statutes, 1906. Such an endorser engages that on due presentment the note shall be paid according to its tenor. See Worley v. Johnson, 60 Fla. 294, 53 South. Rep. 543. And Mr. Cook, in his estimable work on Corporations, says that a promissory note under the seal of a corporation is not a sealed instrument, it does not affect its negotiability, nor the remedy to enforce it. See 3 Cook on Corporations, Sec. 761; 10 Cyc. 1009; 7 R. C. L. p. 137; 3 R. C. L. p. 922. What has been said also disposes of the question raised by the second plea. As to the third plea, the obvious reply is that the suit is on the contract of endorsement. See Gist v. Drakely, 2 Gill (Md.) 330. The endorser engaged that upon presentment the note would be paid at maturity according to its tenor. Worley v. Johnson, *supra;* Sec. 2999 General Statutes of Florida. The learned counsel for plaintiff in error did not cite any authority in support of his contention, deeming it sufficient to assert that, "It is a most elementary principle that the endorsers cannot be held liable upon any instrument in the form of a negotiable note which is void in the hands of the holder, because not executed by the maker and because never delivered by the maker to the person who is seeking to maintain the action." This statement almost bears its own refutation, because if the note was not delivered by the maker to the holder who is also payee, it may have been delivered by the indorser to the payee and present holder,

in which case would the indorser be permitted to plead his own forgery as a defense to the action upon his contract of endorsement? The fourth plea setting up that no notice of dishonor of the note was given to the defendant, needs no discussion to prove its futility. The declaration alleged that notice was waived. The plea was not responsive. It is elementary that a plea in bar must either traverse the allegation of the declaration or confess and avoid it. The fifth plea avers that there were other endorsers, and the action can be only maintained as a joint action against the maker and all endorsers. Chapter 6486, Acts of 1913, Laws of Florida, is invoked in support of this plea. The Act is entitled "An Act Authorizing the Maker or Makers of Promissory Notes or Other Negotiable Instruments and Endorsers, Sureties, Guarantors or Other Persons Secondarily Liable Thereon to be Sued in One and the Same Action." The act is as follows:

"Sec. 1. That the maker or makers or promissory notes or other negotiable instruments, and all other persons who at or before the execution and delivery thereof, endorsed, guaranteed, or became surety for the payment thereof, or otherwise secondarily liable for the payment of the same, may be sued in one and the same action.

"Sec. 2. That in every action authorized by the provisions of Section 1, the final judgment shall specify and indicate the defendant or defendants who are liable for payment only as endorser, surety, guarantor, or otherwise secondarily liable.

"Sec. 3. That in every case where a final judgment authorized by the provisions of this Act is paid by one or more defendants who are responsible only in the capacity of endorser, surety, guarantor, or other secondary liability, the holder of such judgment shall upon request transfer and assign such judgment to the defendant or

defendants so paying the same, and such defendant or defendants shall be entitled to all the rights and remedies of the original plaintiff in such judgment or under execution thereon to enforce the collection of the same from the defendant or defendants who are liable as maker or makers of the instrument or instruments sued upon.

"Sec. 4. This Act shall take effect upon its passage and approval by the Governor."

It is contended that the word "may" as used in the first section of the act so amends the Negotiable Instrument Law as to make negotiable instruments joint contracts on the part of maker and those secondarily liable thereon. To arrive at this conclusion it is insisted that the word "may" should be construed to mean "shall" thereby making the act mandatory upon the holder of a promissory note, when he brings an action thereon to join all parties to the note. The statute secures to the holder of a note a privilege of joining in one action the maker and parties secondarily liable. It does not purport to change the character of a negotiable instrument from a joint and several or several contract to a joint one. The title which is part of the act and should be so construed, clearly indicated its purpose, and in the body of the act the distinction is made between the words may and shall. If there was any doubt as to the purpose of the act, it should disappear when it is considered that prior to its passage a joint action against the maker and endorser of a promissory note could not be maintained. The principle is elementary. In an action *ex contractu* against several defendants the plaintiff must show a joint liability in all. The obligation of the maker is absolute, that of the indorser is contingent. A statute was necessary to authorize them to be joined, and such a statute was passed in 1913. See Webster v. Barnett, 17 Fla. 272; Hough v.

State Bank of New Smyrna, 61 Fla. 290, 55 South. Rep. 462. If such a construction as the counsel for plaintiff in error insists upon should be placed upon the statute it would have an effect upon the circulation or negotiation of commercial paper most harmful to commercial or banking transactions. If it was compulsory upon the holder of a promissory note to join every party to it in one action, or be defeated of his right to enforce payment, the paper would become more difficult of negotiation upon each transfer as the difficulties of obtaining service of process upon all the parties increased, and thus the statute would hamper and impede commercial transactions instead of facilitating them. But the language of the act is clear and its purpose most certainly ascertained when considered in the light of the decisions referred to above.

The eighth plea averred a want of consideration for the making or execution of the note, as well as for the endorsement by the defendant. If the plea was good at all, it was good only so far as it applied to the endorsement, because by the endorsement the indorser under the Negotiable Instruments Law warranted that the instrument was genuine in all respects. Section 2999 General Statutes, 1906. But as to the endorsement the plea was bad because it failed to set forth any of the facts and circumstances connected with the endorsement. Counsel for plaintiff in error says in effect that it was impossible to do so, because there were no facts or circumstances; that there was an absence of consideration, consequently there was nothing to state. But counsel seems to misapprehend the rule. It is the facts and circumstances connected with the transaction of endorsement which the rule requires to be set forth. The defendant wrote his name upon the paper as endorser. That is the transaction concerning which the plea deals. Were there no facts or circumstances in connection with that transaction? Was

the endorsement made for plaintiff's accommodation? Was it given on a gambling transaction? Or was the defendant just writing for amusement and happened to write his name on the back of the note? In either case the facts or circumstances could have been stated in the plea. Under our statute a note has the same force and effect so far as the rules of pleading and evidence are concerned as a sealed instrument. A consideration is presumed. The plea offered in this case is in effect the same as a general issue which is forbidden in an action on a promissory note. See Ahren and Hyer v. Willis, 6 Fla. 359. The object of the rule is to require the defendant to apprize the plaintiff of the facts upon which he relies to avoid the payment of the obligation, or to defeat it as being without consideration.

The eleventh plea averred no fact material to the defense that was not admissible under the ninth plea upon which issue was joined. If any error was committed therefore in sustaining a demurrer to this plea, it was harmless. The plea averred a state of facts to exist which it is claimed amounted to a payment and discharge of the defendant's obligation.

The ninth plea averred that before the action was begun the note was paid. See Parkhurst v. Stone, 36 Fla. 456, 18 South. Rep. 594; McConnell v. Sullivan, 37 Fla. 576, 20 South. Rep. 762; J. P. Williams Co. v. Pensacola, St. A. & G. S. S. Co., 57 Fla. 237, 48 South. Rep. 630.

The twelfth plea avers that before the commencement of the action the note "was duly endorsed by said payee, Peninsular Grocery Company, the plaintiff herein, to Peninsular Naval Stores Company," etc., and "that by reason of said endorsement the legal title of the said alleged promissory note was transferred to and became vested in the said endorsee," etc. In this manner the

defendant sought to project into the case an issue involv-; ing the plaintiff's interest in the cause. Counsel avers a circumstance and infers therefrom the ultimate fact which would defeat the action. A mere indorsement of a note is not *ipso facto* a negotiation of it; it must be accompanied by delivery. See Section 2964 General Statutes of Florida, 1906. The plea does not aver that there was a negotiation of the note by plaintiff; that it was transferred to another; nor is the plea inconsistent with the idea that at the commencement of the suit the plaintiff was the holder of the note. It is therefore no defense.

The thirteenth plea is one in abatement. It avers a right in the defendant to be sued in Marion County, averring that he resides there. It does not aver, however, that the cause of action accrued there, but avers that the "cause of action sued upon in this cause did not accrue as against this defendant, as the alleged endorser of said note in the said county of Duval, but the same accrued if. at all, in the said county of Marion." Neither the declaration nor the plea makes the note by apt words a part of it. Therefore upon this plea the court did not have before it the note's provisions as to the place of payment. But the language of the plea cannot be said to be certain to that degree required of pleas in abatement. It avers that the cause of action did not accrue against the defendant as endorser in Duval county. *Non constat* it may have accrued as against the maker in Duval County. The defendant's obligation is determined by the provisions of the note. He engages that the note shall be paid according to its tenor. Section 2999 General Statutes, 1906. The plea does not exclude the idea that the note was payable or the cause of action accrued as against the maker in Duval County because an endorser may by contract with the endorsee impose the condition that the note

'shall be presented to the indorser for payment, when dishonored, at a certain place, and as the plea does not aver the existence of such an agreement, it would be presumed that the cause of action accrued in the county where the action was brought, as the statute requires, Section 1383 General Statutes, and as no intendment exists in aid of a plea in abatement, the words of the plea will not be taken to mean that the endorsement was upon condition that the note would be presented for payment in Marion County. The plea was therefore bad for uncertainty. We think the demurrer was properly sustained, and assignments of error numbered two and from seventeen to twenty-five, inclusive, were not well taken.

The third, fourth, twenty-sixth and twenty-seventh assignments of error are based upon the order of December 6th, 1915, striking pleas numbered six and seven and compelling amendment of the tenth plea.

The sixth plea avers that the defendant with two others jointly endorsed the note at the maker's request, which was known to the plaintiff. The seventh plea avers that the defendant jointly with two others endorsed the note, and that the plaintiff on the same day that this suit was instituted began an action upon the same cause of action against one of the other endorsers, but has begun no action against the third endorser. The contention is made that the plaintiff could maintain his action only as against all the endorsers jointly. The averment is made that the endorsement was joint. This being true the liability was joint, and not several. The pleas are in abatement for non-joinder of the two other endorsers, but neither plea avers that either of the other two endorsers is resident within the jurisdiction of the court; nor was any affidavit filed with the plea showing the place of residence of the two other endorsers. See Rule 18 Rules of

Circuit Courts, Law Actions. The pleader ignoring the rule of court and failing to aver what the rule requires as to the residence of the two endorsers who according to counsel should have been joined, failed to submit a proper plea. The motion to strike was, therefore, correctly sustained. See Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922. These pleas were also attacked by the demurrer which could very properly have been sustained because of their insufficiency. Counsel for plaintiff in error, however, says in his brief: "Such pleas have been allowed by this court in various actions upon promissory notes," and cites Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 South. Rep. 801 ; Burr v. Hull, 66 Fla. 20, 63 South. Rep. 300, to sustain the principle that striking a plea should be resorted to only in cases palpably requiring it for the proper administration of justice. He then affirms that the note shows the names of the endorsers on the reverse side, etc. The note was not made a part of the declaration, nor a part of either plea. Therefore upon the demurrer reference could not be made to the note for any fact which the pleader neglected to aver. The cases cited in the brief and referred to above were in equity, and neither case involved the question presented here, namely, whether a plea of non-joinder of defendants which violates a rule of court should be stricken on motion.

The tenth plea averred that the plaintiff without the knowledge or consent of the defendant extended the time of the payment of the note at the maker's request. The plaintiff moved that the plea be amended by showing what length of time was granted the maker for payment, and by averring in issuable terms a definite and binding agreement between maker and payee for the postponement of the day of payment. This motion was granted. The

plea did not aver that there was an agreement made to extend the time of payment, but "that at the time of the maturity of the note, to-wit, on or about December 1st, 1914, the plaintiff without the knowledge or consent of this defendant, extended the time of the payment of the said note," etc. Now the declaration alleged that the note matured December 1st, 1914; but the plea avers that "on or about" that date the time for payment was extended. "On or about" may mean before or after a certain date. If the words meant before December 1st, the agreement to extend the time was executory and it was incumbent upon the pleader to show by proper averment that it was binding upon the holder of the note.    Section 3042 General Statutes, 1906.    A mere agreement to delay the day of payment without consideration will not bind the holder, and will not discharge the other parties.    See Fridenberg v. Robinson, 14 Fla. 130.    The reason of the rule is that the payee must not preclude himself from suing the maker, thus suspending the remedy against him to the prejudice of the endorsee.    This was the holding of the above case and the authorities therein cited.    The creditor may not of his own volition change the original contractual status of the parties and impair any of their rights.    See Frank v. Williams, 36 Fla. 136, 18 South. Rep. 351.    Following the rule as announced in the case of Cotten v. Williams, 1 Fla. 37, and followed ever since in this State, that a plea having on its face two intendments, ought to be construed most strongly against the party who pleads it, we think the pleas should be construed as referring to a mere forbearance to sue in the absence of a more definite statement or averment showing that the extension of time was the result of an agreement binding upon the payee.    As a motion for compulsory amendment of a plea is addressed to the sound

discretion of the court, the ruling thereon will not be disturbed unless it plainly appears that there was an abuse of judicial discretion.   See Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Gainesville & G. R. Co. v. Peck, 55 Fla. 402, 46 South. Rep. 1019; Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13.   There was a demurrer to this plea because of its insufficiency, and the demurrer was overruled. The demurrer should have been sustained; but the defendant cannot complain that his plea was allowed to stand upon condition that he make it clearer so that it would not embarrass or hinder the trial.   But the assignment is urged here with as much earnestness as if it involved an important point upon the merits.   The third, fourth, twenty-sixth and twenty-seventh assignments are not sustained.

On the seventh of August, 1915, the plaintiff by leave of court amended his declaration by adding six counts, numbered from three to eight, inclusive.   The third count declares on the promissory note which was attached to the declaration and by appropriate words made a part of it; the fourth count declared on the agreement to pay attorneys' fees and costs, and was in substance the same as the second count; the fifth count declared on the note as an instrument in writing and made a part of the declaration; the sixth declared on the agreement to pay attorneys' fees and costs; the seventh count declared in covenant on the note as a "writing obligatory" and made the same a part of the declaration, and the eighth count declared in covenant on the agreement to pay attorneys' fees and costs.

The fifth assignment of error rests upon the order allowing the plaintiff to so amend his declaration, and in support of the assignment defendant's counsel says in his brief

that the trial court exceeded the bounds of its power in allowing these amendments. All the amendments except the third count may be subject to the criticism that they were unnecessary.    The defendant's counsel after filing many inconsistent, insufficient, improper and dilatory pleas, in some of which he insisted that the note was a sealed instrument, and in others that it was not, complains that the plaintiff's counsel concluded to declare on the paper writing as a note, a simple contract and a sealed instrument. There was in reality no necessity for the plaintiff to do so; but because he did it, and the court permitted it, seems not of itself to show such an abuse of judicial discretion as to warrant a reversal of the judgment.    Nor do we think that the court abused its discretion in any degree which gives the defendant ground for complaint, further than allowing amendments which were unnecessary, each being nothing more or less than a declaration on the contract of endorsement of a promissory note.

A demurrer was interposed by the defendant to all the amended counts.    The demurrer was sustained as to the fourth and sixth counts, and overruled as to the third, fifth, seventh and eighth counts.    This order is made the basis of the sixth, twenty-eighth, twenty-ninth, thirtieth and thirty-first assignments of error.    In each of the counts to which the demurrer was overruled, the note was referred to and made by apt words a part thereof.    It mattered not what the pleader may have named the instrument in his declaration, each count showed on its face that the instrument was a promissory note, and the action was on the contract of endorsement.    Each count stated a cause of action, but it was the same cause of action; one was a mere repetition of the other, because whether the instrument was a sealed instrument or not, it was a negotiable promissory note, and the defendant was apparently

liable as endorser under the law. The character of a pleading is determined by the statements it contains, and not by the name given or endorsed upon it. If the matters of substance alleged in a declaration neutralize each other, the declaration is bad for repugnance; or if the statements in a cause of action attached to and made a part of the declaration are inconsistent with and repugnant to the allegations in the declaration, the latter fails to state a cause of action. See State v. Seaboard Air Line Ry., 56 Fla. 670, 47 South. Rep. 986; Sovereign Camp Woodmen of the World v. Hodges, 72 Fla. 467 73 South. Rep. 347. In the amended counts there were no statements of fact inconsistent with or repugnant to the statements contained in the instrument referred to and made a part of each count. The averment in the fifth count that the defendant by endorsing his name upon the paper thereby agreed to pay, etc.; and in the seventh and eighth counts that he covenanted or agreed to pay, did not render the pleading repugnant or inconsistent, because the instrument was a promissory note, whether under seal or not, and it was nothing else; the defendant by endorsing his name on it thereby warranted the instrument to be "genuine and in all respects what it purported to be," and engaged to pay it according to its tenor. Section 2999 Gen. Stats. 1906. It is undoubtedly true that the plaintiff is confined strictly to a recovery upon the cause of action declared on, but the cause of action declared on is determined by the allegations of fact contained in the pleading, and not by the conclusions of law stated therein. The fifth, sixth, twenty-eighth, twenty-ninth, thirtieth and thirty-first assignments of error are not sustained.

On the 23d day of September, 1915, the plaintiff filed amendments to the fifth, seventh and eighth counts of the declaration. These amendments added merely to the re-

spective counts the allegation, in effect, that the indebtedness represented by the instrument, nor any part thereof, was paid by the maker or defendant when due, nor has it been paid since. This order was made the basis of the seventh assignment of error. These amendments were merely fuller allegations as to the failure of the maker of the note and the defendant to pay it when due, which allegation had already been made in each count with sufficient clearness. The assignment of error is not well taken.

On the 11th of December, 1915, the plaintiff by leave of the court amended the fourth and sixth counts of the declaration. These counts had been held bad on defendant's demurrer, and the plaintiff's counsel for some reason which he deemed sufficient, but which we cannot perceive, desired to amend. The amended count numbered four declares on the contract of endorsement to pay attorney's fees and costs, and makes the note a part of the count; and in the sixth count does the same thing, and defines the note as "a certain instrument in writing." Thereupon the defendant demurred to the amended counts on eight grounds, and appends the usual certificate. The demurrer was overruled and such order is made one of the grounds of the eighth assignment or error, and the basis of the thirty-second and thirty-third assignments of error. The same argument was made in support of these assignments as were made in support of the sixth, twenty-eighth, twenty-ninth and thirty-first assignments. The record shows that the plaintiff withdrew from the files the amended fourth and fifth counts filed December 11th, 1915. The word "fifth" in this entry upon the record should have been "sixth." The error was a clerical one, was so stated in the oral argument, and assented to by opposing counsel. This disposes of these assignments so

far as they relate to the order overruling the demurrer to those counts.

The defendant amended his tenth plea by averring that the plaintiff at the request of B. W. Blount, one of the endorsers, on or about December 1st, 1914, extended the time of payment of the note for a period of sixty days, which agreement was made by the plaintiff and the said Blount upon some good and valuable consideration, the nature and character of which were unknown to the plaintiff.

The eleventh plea was amended by averring that B. W. Blount who jointly endorsed the note with the defendant, and G. A. McLeod delivered to the plaintiff a timber lease of the value of six thousand dollars, as security for the payment of the note; that Blount had no authority to deliver the lease for that purpose, because it was the property of a certain corporation which had not authorized Blount, its secretary, to do so; but that plaintiff accepted the lease and sold it and received the proceeds which were averred to be sufficient to pay the note, by reason of which the note has been paid, etc. A demurrer to these pleas was sustained. The order is made one of the grounds of the eighth assignment of error, and the basis of the thirty-fourth and thirty-fifth assignments of error. What we have said under the twenty-third assignment of error applies to the thirty-fifth assignment. If the transaction recited in the amended eleventh plea constituted a payment of the note, or a discharge of the defendant's contract as endorser, it was admissible under the ninth plea. The question of Blount's authority to so dispose of the lease, if involved at all, would have arisen on the trial.

The tenth amended plea set up an agreement for "some good or valuable" consideration unknown between

the plaintiff and one of the endorsers, not the maker, for an extension of the time of payment of the note. According to the plea the agreement was made between the payee and one of the indorsers, at the time of the note's maturity, and upon a good or valuable consideration. It is not definitely averred in the plea that the indorser with whom the agreement was made was the first, intermediate or last indorser, or whether the three indorsers whose names appear on the back of the note indorsed the same jointly. Therefore testing the plea by its weakest averment, that is to say, testing it by the most unfavorable construction that may be placed on its averments, it presents this question: Does an agreement based on a good consideration as distinguished from a valuable one between the payee and the last endorser to which the maker was not a party made upon the maturity of the note when the liability of all the endorsers had become fixed by dishonor, for an extension of time for the payment of the note, release any one or all of the other endorsers? Under Section 3042 of the General Statutes an endorser of a negotiable instrument is discharged by any agreement binding upon the holder to extend the time of payment, unless made with the endorser's assent, or unless the right of recourse against him is reserved. An indorser has the right to have the engagement of the principal debtor preserved without variation in its terms. Upon maturity of the note he may make payment and be subrogated to the holder's place and proceed at once against the principal debtor to enforce payment. Any extension by the holder therefore, granted to the maker upon a valuable consideration without the consent of the indorser, deprives him of this right. The effect of such an extension is to make a new and different obligation between maker and holder to which the indorser is not a party. The new contract

is substituted for the old.  He is said to be discharged.
The fact is the parties have made a new agreement to
which the indorser is not a party, and have substituted it
for the old.  The statute provides that the agreement
must be binding upon the holder, therefore the contract
must be supported by a valid consideration.  See Cary v.
White, 52 N. Y. 138; Wilson v. Powers, 130 Mass. 127;
Hunt v. Knox, 34 Miss. 655; Rumberger v. Golden, 99
Pa. St. 34; Austin Real Estate & Abstract Co. v. Bahn, 87
Tex. 582, 29 S. W. Rep. 646; 30 S. W. Rep. 430;
M'Lemore v. Powell, 12 Wheat. (U. S.) 554; 7 Cyc., p.
731; 3 R. C. L. p. 1278.  The plea however avers that the
consideration was good, as distinguished from a valuable
one.  It averred that the agreement was upon some
"good or valuable consideration."  What the pleader had
in mind it is difficult to perceive, unless he meant to con-
vey the idea that the extension of time for the payment of
the note was granted gratuitously by the holder, without
anything of value paid or promised by the indorser.  The
president or executive officer of a corporation is quite
capable of entertaining a feeling or sentiment like grati-
tude, even if the corporate entity is not, and as corpora-
tions can act only through their officers, the plea does not
exclude the idea that the extension of time was granted
to one of the indorsers for a consideration which in law
would be insufficient to support the agreement.  See 8
C. J. 241; Easton v. Pratchett, 1 C. M. & R. P. 798; Sul-
livan v. Sullivan, 122 Ky. 707, 92 S. W. Rep. 966, 7 L.
R. A. (N. S.) 156; Richardson v. Richardson, 148 Ill.
563, 36 N. E. Rep. 608, 26 L. R. A. 305.  The use of the
word "good" in the plea as descriptive of the considera-
tion introduced an element of uncertainty; because if the
extension was granted gratuitously, that is to say, for
some reason which answers to the description of what is

known as a "good consideration," the agreement would not be binding, and the plea therefore bad. Without determining the point, whether an agreement between the holder and an indorser by which an extension of time for the payment of the note is granted will release the other indorsers if made without their consent; or the effect of such an agreement after the liability against all indorsers has become fixed, by the dishonor of the note, we are of the opinion that if the agreement was between the holder and the last indorser in point of time, prior indorsers would not be affected thereby, because their right to pay at maturity, be substituted to the holder's place and proceed at once against the maker and under the statute all other prior indorsers would not be in the slightest degree modified or changed. The plea does not aver that each indorsement represented a negotiation, or that Blount was a prior indorser; on the contrary, the note which was made a part of the declaration as amended indicates that the indorsements were all made in one transaction for one purpose, and neither one could be said to be with reference to the other a prior indorser. Unless Blount was a prior indorser and responsible to Williams, the defendant, as such, the agreement between the holder and Blount could not affect the defendant's rights. The demurrer was properly sustained to the plea.

On December 20th, 1915, the defendant moved to strike "out all the counts of the plaintiff's declaration which are repetitions of some other count or counts, based upon the same cause of action," etc. This motion was overruled, and is made one of the grounds of the eighth assignment, and the basis of the thirty-sixth assignment of error. The counsel for plaintiff in error are entirely correct in their contention that any two of the counts were sufficient for a proper disposition of the

cause, therefore it would have been right to have stricken all counts in the declaration except the first and second; but it was not done, and in consequence the extra cost and expense of a few pages of the record were incurred. It is not apparent from the record that the error was harmful. It could not have embarrassed the defendant in the preparation of his defense, nor encumbered the trial with unnecessary issues and confusing or misleading circumstances any more than a declaration containing four common law counts for goods bargained and sold could produce that result. The counts were not defective in substance, therefore could not be reached by demurrer; they were simply repetitions. The introduction of the note in evidence, proof of its execution and non-payment would have supported four of the counts, and proof of a reasonable attorney's fee, the other four. There was no excuse, so far as this record shows, for the numerous counts, pleas, motions and amendments that counsel for plaintiff and defendant made and filed in this cause. It was not made necessary by our system of pleading, nor the rules of practice, and the most favorable word that may be applied to such useless and utterly unnecessary proceedings, is the word "harmless," as that word means an absence of any affirmative agency of evil. We do not consider that the interest of justice requires the ruling to be reviewed and the judgment reversed for failure to strike the counts. See Escambia County Electric Light & Power Co. v. Sutherland, 61 Fla. 167, 55 South. Rep. 83.

On the 1st day of February, 1916, the defendant filed certain interrogatories to be answered by the president and secretary and treasurer of the plaintiff corporation. On the following day the plaintiff's attorney objected to

the filing of the interrogatories and the propounding of the same to the witnesses, upon several grounds.

On the 17th of February, 1916, the defendant objected "to the trial" upon several grounds, one of which was the interrogatories had not been answered. The objection was overruled, and the order is made the basis of the ninth assignment of error. There was no harmful error in this order. Section 1535 of the General Statutes prescribes the practice that may be followed in case of an omission without just cause to answer written interrogatories propounded by one party in a cause to another under Section 1534 of the General Statutes. There appears to have been no abuse of discretion on the court's part in proceeding with the trial so far as this objection was concerned, therefore the assignment of error should fail. See Investment Co. v. Trueman, 63 Fla. 184, 57 South. Rep. 663. The defendant waited nearly nine months after his plea was due before he filed the interrogatories and then made no effort under Section 1535 to have them answered. See Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g. Co., 27 Fla., 1, text 64, 9 South. Rep. 661.

An application was made by the defendant to amend the amended eleventh plea by averring that the timber lease which it was averred was delivered to the plaintiff and by it sold and the proceeds applied to its own use, was owned by the maker of the note. No disposition was ever made of this motion. The demurrer was sustained to the amended plea three days after the application to amend. The amendment would not have cured any defect in the plea. As the plea even with the second proposed amendment was amenable to a motion to strike, as presenting the same issue covered by the ninth plea, it was not harmful error to sustain the demurrer and ig-

nore the proposed amendment. See Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351.

The tenth, eleventh, twelfth, thirteenth, fourteenth and fifteenth assignments of error will be considered together. It is contended that the cause was docketed and set for trial before the issues were made up. The tenth assignment is that the court erred in entering its order setting the cause for trial. It is a sufficient answer to this assignment to say that the record contains no such order. There were motions to rescind such an order and to strike the cause from the docket, and objections to the trial. The overruling of such motions is made the basis of the assignments of error numbered from ten to fifteen inclusive. The case was tried on February 18, 1916, and a verdict returned for the plaintiff. The record discloses that on the 15th day of February the plaintiff withdrew its fourth and fifth counts. It was stated, however, in argument, and not denied by the opposing counsel, that this entry should have read that the fourth and sixth counts were withdrawn. It is immaterial, however, as all the counts declared on the same cause of action and were nothing but repetitions of one another in substance. The only two pleas which were considered to be sufficient were filed July 12th, 1915. They presented two issues: Whether the note had been paid, and whether the defendant had endorsed it. When the court convened at the Fall term, in November, the case was triable. The case was at issue. The motions and demurrers were disposed of during the term and the cause tried upon the issues presented by the two pleas filed in July. There was no infraction of the rules that we can perceive, the defendant was deprived of no rights that he did not have full opportunity to exercise. Under the circumstances of this case the cause was triable within the meaning of Rule

41, Rules of Circuit Courts in Law Actions.  All counts of the declaration and pleas and amended pleas filed subsequently to July 12th may have been properly disposed of by the court under Rule 59.  The fact that the court did not order a reformation of the pleadings, but allowed both parties to file additional counts and pleas did not affect the issues which were in no wise changed or increased when the case was called for trial.  See Section 1419 General Statutes of Florida, 1906.  Rule 33 has no application, because the rule day on which the defendant was held to file his plea or demurrer did not accrue during the term of the court at which the cause was tried.  The rule has no reference to amendments of the declaration and pleas which are filed subsequently to the rule day succeeding that on which the declaration is filed, which as a rule are filed at such times and on such terms as the court may impose.  See Section 1432 General Statutes of Florida, 1906.

The sixteenth assignment of error is based upon the court's refusal to enter a remittitur, upon defendant's motion, of one half of the attorneys' fees, or in such sum as the court might deem reasonable.  The note was for the principal sum of Four thousand, three hundred and sixty dollars and sixty-five cents, and provided for the payment of a reasonable attorneys' fee if after maturity it should be placed in the hands of an attorney for collection.  The verdict was for the principal sum and five hundred and ninety-eight dollars and eighty-five cents interest.  An attorney's fee of seven hundred and forty-two dollars and ninety-two cents was allowed, or less than 15% upon principal and interest.  Under the statutes the trial court is required to adjudicate the reasonableness of the attorneys' fees allowed for the collection of notes.  See Cooper Grocery Co. v. Citizens' Bank & Trust Co., 62 Fla. 142,

56 South. Rep. 435. In this case the trial court has adjudicated the amount allowed to be reasonable. The record does not disclose what evidence there was before the jury on the subject. In view of what the record does disclose as to the pleadings, we cannot say that the amount fixed by the court was excessive.

We have discovered no harmful error in the record, so the judgment is hereby affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.