PHILIP WALTER, APPELLANT, VS. THE FLORIDA SAVINGS BANK AND REAL ESTATE EXCHANGE, APPELLEE.

1. When in an action upon a contract the defendant pleads that he "did not promise as alleged," and also pleads specially that the plaintiff contracted with him as an agent of another and not otherwise, and that plaintiff knew this fact at the time of contracting, such special plea is only a repetition of the general plea that the defendant did not promise as alleged.

2. The overruling of plaintiff's demurrer to such special pleas may, therefore, have been erroneous, but such ruling did not change the issues or affect the legal rights of the parties. Such pleas only encumbered the record.

3. Where upon the trial of such cause a verdict is found for the defendant, but upon appeal the record does not show the testimony nor the rulings of the court thereon, nor the charge of the court to the jury, nor any exceptions, this court cannot reverse the judgment on account of the overruling of the demurrer to the pleas, as it does not appear whether the court admitted improper testimony in behalf of defendants, nor indeed that the plaintiff introduced any testimony in the case to support the declaration.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*A. W. Cockrell, Jno. T. & Geo. U. Walker* for Appellant.

*R. B. Archibald* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

Appellant sued defendant for damages on contract whereby it is alleged the defendant agreed to deliver to plaintiff certain certificates of value. A part of the contract set out in one of the counts was in writing, embodied in a receipt for a part of the purchase price. Defendant pleaded to each count in the declaration that it did not promise as alleged, and also pleaded specially that the agreement sued on was

not its contract but was the contract of one Huling, for whom it was acting as an agent, of which plaintiff had notice.

Plaintiff demurred to each of the special pleas, and the demurrers being overruled, joined issue on the pleas. On the third trial of the cause a verdict was rendered in favor of defendant. A motion for a new trial was made and denied and judgment entered against the plaintiff. From this judgment plaintiff appeals.

The errors assigned are the overruling of the demurrers to the pleas.

There is none of the testimony at the trial contained in the record. Every material fact alleged in the declaration, except the signing of the receipt containing a portion of the agreement, was put in issue by the pleas denying the contract as alleged. On the pleadings alone the plaintiff was not entitled to verdict and judgment. He must prove his case, and show what damages he sustained.

Nor is the charge of the Judge to the jury before us, nor is there anything here showing exceptions to any proceeding at the trial whereby an error is patent. The motion for a new trial was made upon the grounds that the verdict was against the evidence and against the charge of the court, but we have neither the evidence nor the charge.

We have no means of knowing that the plaintiff offered any testimony whatever at the trial. How then can we determine that the court erred in refusing a new trial?

But the argument is advanced that the court improperly overruled plaintiff's demurrers to the special pleas, whereby the court erroneously ruled that the matter of these special pleas constituted grounds of defence to the plaintiff's action. However erroneous may have been this ruling upon the pleas we still cannot conceive how the verdict was affected, for we have no evidence that the court heard any testimony

under them.    Indeed, in examining these pleas we are unable to see that they amount to anything more than a denial that defendant made the alleged contract.    Any testimony contemplated by the pleas could, therefore, as well have been given under the general issue as under the special pleas.    The issue was whether the contract was that of the defendant or whether it was the contract of Huling.  Whether the facts set out in these special pleas could have been shown to defeat the right of action under the one count which alleged that the contract was in writing, and thus to vary the terms of the writing, is not a question presented by the record, for we do not know whether any, or what testimony was offered by either party.

It does not appear, therefore, that any error was committed which substantially affected the rights of the plaintiff, and the judgment must be affirmed.