THE J. P. WILLIAMS COMPANY, A CORPORATION, *Plaintiff in Error,* v. THE PENSACOLA, ST. ANDREWS & GULF STEAMSHIP COMPANY, A CORPORATION, *Defendant in Error.*

1. Where a party is not injured by the rulings of a trial court upon pleadings, and is not thereby prevented from submitting his case to the jury, under such a state of pleading as gives him the full benefit of his contentions, those rulings do not present a good ground for reversal.

2. The effect of delay in the transportation of goods by a carrier, when such delay was caused by a storm or act of God and the question of proximate cause in that connection, are treated in the cases of Norris v. Savannah, F. & W. Ry. Co., 23 Fla. 182, 1 South. Rep. 475, and Williams v. Atlantic Coast Line R. Co., decided at the last (June) term of this court.

This case was decided by Division B.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter*, for Plaintiff in Error; *Avery & Avery*, for defendant in Error.

HOCKER, J.—The plaintiff in error sued the defendant in error in the Circuit Court of Escambia County in January, 1907. There are seven counts in the declaration. The first two counts are as follows:

"1. The plaintiff, a corporation under the laws of the State of Georgia, sues the defendant, a corporation under the laws of the State of Florida, because, prior to the institution of this suit, the defendant was a common carrier, for hire, engaged in the transportation of goods, wares and merchandise from the City of Pensacola, Florida, to the City of Carrabelle, Florida, and other points in said State; that prior to the institution of this suit, the defendant, as such common carrier, received from the plaintiff the plaintiff's goods, to wit: twenty (20) bales of hay of the value of twenty-three and 81-100 ($23.81) dollars, and for compensation, prepaid to it by plaintiff, undertook to transport the said hay from said City of Pensacola to the said Port of Carrabelle and deliver it to plaintiff's consignee; that the said defendant, notwithstanding its said undertaking, and although a reasonable time has elapsed for so doing, has failed to deliver the said goods at the said port of Carrabelle.

2. And also because, prior to the institution of this suit, the defendant, a corporation under the laws of the State of Florida, was engaged as a common carrier, for hire, in the transportation of goods, wares and merchandise from the City of Pensacola, Florida, to the City of Carrabelle, Florida, and other Florida points; that the said defendant, as such common carrier, received from the plaintiff, at Pensacola, plaintiff's goods, to wit: twenty (20) bales of hay of the value of twenty-three and 81-100 ($23.81) dollars and for compensation, prepaid to

its plaintiff, undertook to transport the said hay from the said City of Pensacola to the port of Carrabelle, Florida; that while the said hay was so in the possession of the said defendant and after a reasonable time had elapsed for the transportation of said goods, in accordance with the undertaking of the said defendant, a violent storm arose in the port of Pensacola and the said hay, by reason of the carelessness and negligence of the defendant, was lost and destroyed by said storm."

The third and fourth counts are similar to the first and second, except that in each 81 bales of hay of the value of $83.02 are charged to have been delivered for transportation to the defendant.

The fifth count alleges the payment to the defendant of $5.18 as freight on the hay described in the first and second counts. The sixth count alleges the payment to the defendant of $25.13 freight on the hay described in the third and fourth counts.

The seventh count is for the sum of $30.31 money had and received by the defendant for the use of the plaintiff. The seventh count embraces the freight sued for in the two previous counts. The damages are laid at $200.00.

To the first and third counts of the declaration the defendant on the 4th of March, 1907, pleaded "that the said goods without any fault or negligence on the part of the defendant, were washed away and lost in, on account of, and by reason of a violent hurricane." To the second and fourth counts the defendant pleaded not guilty. To the fifth, sixth and seventh counts the defendant filed the following plea: "That defendant admits that it is indebted to the plaintiff in the sum of thirty and 31-100 dollars ($30.31) and now brings into court and tenders to the plaintiff the said sum of thirty and 31-100 dollars, together with          dollars ($

) being the amount of costs accrued and taxable in this case at the date of the filing thereof."

Afterwards on the 22nd of April, 1907, the defendant filed an additional plea to the first and third counts as follows:

"6.    It received the said goods from the plaintiff with the agreement between the plaintiff and defendant that the same were received and were to be carried as per conditions of defendant's bill of lading; and that defendant's bill of lading, among other things, provides, 'No carrier is bound to carry said property by any particular vessel or train, or in time for any particular market, or otherwise with as reasonable dispatch as its general business will permit;' and that the said goods were destroyed and lost by reason of a storm, before the defendant had an opportunity, with as reasonable dispatch as its general business would permit, to forward the said goods.

7.    It received the said goods from the plaintiff with the agreement between the plaintiff and the defendant that the same were received and were to be carried as per conditions of defendant's bill of lading; and that defendant's bill of lading among other things provides, 'No carrier is bound to carry said property by any particular vessel or train, or in time for any particular market, or otherwise than with as reasonable dispatch as its general business will permit;' and that the said goods were destroyed and lost by reason of a storm, before the defendant had an opportunity, with as reasonable dispatch as its general business would permit, to forward the said goods."

On the 16th of March, 1907, the plaintiff filed a replication to the first plea to the first count, and to the third plea of the third count as follows:    That the defendant negligently delayed the shipment of the goods described in said count until they were washed away and lost by the

hurricane mentioned in said plea.    The plaintiff also filed a joinder of issue on the second and fourth pleas to the second and fourth counts of the declaration.

On the 22nd of April, 1907, the defendant demurred to the replication to the first plea to the first count and to the third plea to the third count, on the following grounds:

"1    That said replications do not present a sufficient reply to said pleas.

2.    That it appears from the allegations of said replications that defendant is not liable in this action.

3.    That negligent delay of shipment does not make defendant liable for goods washed·away and lost by the act of God.

These demurrers were sustained by the court and leave given the plaintiff to amend or plead further as it might be advised within thirty days.    The plaintiff did not amend or plead further, and joined issue on all the defendant's pleas.    A trial was had in May, 1908, which resulted in a verdict and judgment for the plaintiff for $30.31, with interest from the 10th of September, 1906, to the 4th of March, 1907.    The plaintiff sued out a writ of error, and the case is here on the record alone, without a bill of exceptions or charges of the court, for a review of the court's action in sustaining the demurrers to the plaintiff's replications to the first and third pleas to the first and third counts of the declaration.

The defendant in error contends that the action of the court in sustaining the demurrers was of no disadvantage to the plaintiff inasmuch as under the issues made by the pleas of the defendant the question of the negligence of the defendant was fully submitted to the jury.    It will be noticed that in the sixth and seventh pleas of the defendant the defense was set up that the goods "were destroyed and lost by reason of a storm, before the de-

fendant had an opportunity, with as reasonable dispatch as its general business would permit to forward said goods," and furthermore that the goods were received and were to be carried as per conditions of defendant's bill of lading, and that defendant's bills of lading among other things provided that no carrier is bound to carry said property by any particular vessel or train, or in time for any particular market, or otherwise, than with as reasonable dispatch as its general business will warrant. Issue was joined on these pleas and the question of delay in transportating the goods was directly presented by the issues.    The burden of proving these pleas was on the defendant, and the plaintiff had the right and privilege of rebutting any proof that may have been offered by the defendant upon the question of delay.    The issues made on the 2nd and 4th counts also raised the question of the negligence of the defendant.    In the absence of a bill of exceptions we must presume that these issues were properly tried in the court below notwithstanding the ruling upon the demurrers to the replications.    We therefore do not see how the plaintiff was prejudiced by the ruling of the court sustaining these demurrers.    It seems to be the settled doctrine of this court that where a party is not injured by the rulings of a trial court upon pleadings, and is not thereby prevented from submitting his case to the jury under such a state of pleadings as gives him the full benefit of his contentions, those rulings do not present a good ground for reversal.    Parkhurst v. Stone, 36 Fla. 456, 18 South. Rep. 594; Sammis v. Wightman, 31 Fla. 10, text 32, 12 South. Rep. 525; Walter v. Florida Savings Bank and Real Estate Exchange, 20 Fla. 826; Clary v. Isom, decided at last term.

In the absence of a bill of exceptions, the presumption is that there was evidence before the jury to sup-

port the verdict.    Dibble v. Truluck, 11 Fla. 135; Frisbee and Johnson v. Timanus, 12 Fla. 537.

In conclusion we deem it proper to call attention to the fact that the question of the effect of delay in the transportation of goods by a carrier, when such delay was caused by a storm, or act of God, is considered in the case of Norris v. Savannah, F. & W. Ry. Co., 23 Fla. 182, 1 South. Rep. 475, and more particularly in Williams v. Atlantic Coast Line R. Co., a case decided at the last (June) term of this court. In this last case the question of proximate cause is thoroughly considered.

The judgment of the court below is affirmed.

TAYLOR and PARKHILL, J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.