E. V. ARMSTRONG, JOINED BY HER HUSBAND, F. C. ARMSTRONG, *Plaintiffs in Error*, v. SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed May 17, 1922.

Petition for Rehearing Granted June 29, 1922.

Where lands for right of way and depot site are conveyed to a railroad corporation in consideration of the establishment of a regular depot, and the depot after being established is ordered by the Railroad Commission to be moved to another point, the party conveying the land for the considerations stated, has a right of action for the fair value of the land conveyed to and appropriated and retained by the company, but not for consequential damages resulting from a change in the depot site ordered by an authorized governmental agency.

## On Rehearing.

1. Errors assigned upon orders made on demurrers to pleas that are subsequently abandoned and new pleas substituted therefor will not be considered.

2. A replication to a plea of *non est factum* which alleges the existence of a covenant different from the one sued upon will be held bad on demurrer.

3. A plea which contains two defenses to one cause of action one of the defenses being inapplicable should be amended on motion to strike that portion which is inapplicable.

4. Demurrers to pleas that are inapplicable as defenses to the declaration will be deemed well taken, and such rulings will not be disturbed although the proper remedy is by motion to strike such pleas.

5. A plea that is a mere repetition in substance of another plea will be stricken on motion.

6. Where in an action of covenant the declaration declares upon a covenant that a depot should be maintained by the grantee so long as its tracks over the right of way should be used, and the deed offered in evidence in proof of such covenant contains no clause in such language nor in language which in substance is equivalent to the covenant declared upon there is a variance between the allegation and proof.

7. In a deed from A. and husband to a railroad company for a right of way and depot site there was contained a clause which provided that "Company agrees to receive and receipt for all freight to and from said depot on regular schedule time. Said depot to be known as Terra Ceia Depot. Said Rightway for Depot & Side tract shall be one hundred wide on the south side of the tract by two hundred & fifty in length the Terra Ceia Spur tract of said (Railroad) ** together with all and singular the hereditaments and appurtenances thereunto belonging or in any wise appertaining, and all the estate, right, title, interest, possession or claim

whatever, of the said parties 'of the first part, of, in, or to the said land herein conveyed." The declaration in an action against a railroad corporation which became the purchaser from the original grantee, alleged that the deed from A. and husband contained a covenant by the grantee that the "depot should be maintained so long as its track over said right of way should be used and known as Terra Ceia Depot and that the company should receive and receipt for all freight to and from said depot on regular schedule time."

Held: First, that the covenant contained in the deed was not one running with the land. Second, that there was a variance between the covenant declared upon and the one offered to be proved.

A Writ of Error to the Circuit Court for Manatee County; O. K. Reaves, Judge.

Judgment affirmed.

*N. B. K. Pettingill* and *Macfarlane & Macfarlane,* for Plaintiffs in Error;

*John B. Singletary,* for Defendant in Error.

WHITFIELD, J.—This action was brought to recover as damages the value of land conveyed by the plaintiffs in error to the predecessor of the railroad company for a railroad right of way ''also sufficient amount of land for depot,'' the consideration being ''said company agrees to receive and receipt for all freight to and from said depot on regular shedule time. Said depot to be known as Terra Ceia Depot. Said right of way for depot and side track shall be one hundred wide on the south side of the track by two hundred and fifty in length the Terra Teia Spur track of said'' company, the claim being also for damages for the value of other land of the plaintiffs alleged to have been

trespassed upon and appropriated by the defendant for additional side tracks, it being alleged that the depot had been maintained as agreed for a time, but later the place was abandoned and not used as a depot as agreed to be done. The labyrinth of pleadings should be recast. See 60 Fla. 429.

It appears that the Railroad Commissioners ordered a depot to be established about one mile away and this resulted in the practical abandonment of the depot agreed to be used. In the course of the trial the plaintiffs took a non-suit with a bill of exceptions under the statute.

Without discussing the pleadings and proceedings in detail the matter will be disposed of by holding that in view of the abandonment of the depot on the land conveyed by the plaintiffs for that purpose, the plaintiffs have a right of action for the fair value of the land conveyed to and appropriated and retained by the defendants or its predecessors in interest, but not for consequential damages that may result to the plaintiffs in matters of business convenience and decreased values of plaintiffs' contiguous property, &c., from a change of the site of the depot, such consequent losses if any resulting from the order of the Railroad Commission, a governmental agency having authority in the premises. See 156 Ky. 27, 160 S. W. Rep. 759, 49 L. R. A. (N. S.) 848. See also 54 Fla. 635, 45 South. Rep. 574, 16 L. R. A. (N. S.) 307; 60 Fla. 412; 239 U. S. 583.

Reversed for appropriate proceedings.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J. concur.

On Rehearing.

ELLIS, J.— This was an action of covenant resting upon an agreement contained in a deed from E. Virginia Armstrong and F. C. Armstrong, her husband, to the United States and West Indies Railroad and Steamship Company, a Florida corporation.

The declaration alleged that the plaintiff was the owner of certain lands in Manatee county, that the United States and West Indies Railroad and Steamship Company desired to obtain a right of way through the land for its railroad track and the location of a depot thereon. That the plaintiff in consideration of the advantages to be derived from the construction of the railroad and the location of the depot conveyed to the corporation, its successors and assigns, a right of way twenty feet wide through the land and a tract of land for the depot, and the corporation in consideration of such conveyance covenanted that the "depot should be maintained so long as its track over said right of way should be used and known as Terra Ceia Depot and that the company would receive and receipt for all freight to and from said depot on regular schedule time."

That under the deed so executed by the plaintiff the corporation took possession of the right of way and tract of land and constructed its railroad and depot thereon and that the depot was called Terra Ceia Depot. That the corporation thereafter conveyed to the defendant all its right, title and interest in and to its line of railroad, equipment, stations and other property in Manatee County including the property conveyed by the plaintiff to it, and that the defendant, the Seaboard Air Line Railway Company, became thereby bound by the covenant contained in the deed.

That for a while it maintained the depot for the receipt and discharge of freight and in addition thereto entered upon and constructed a side track about three hundred yards in length upon other land of the plaintiff. That later the regular use of the station or depot was abandoned by the defendant, the station agent removed and the defendant from that time "refused to receive or deliver freight at said station unless in car load lots with freight prepaid" and that the defendant had practically torn down and demolished the depot.

It was alleged that the defendant had wholly failed and refused to comply with the "covenants and agreements contained in the deed and to maintain its depot or station on the tract of land conveyed thereby for that purpose and receive and receipt for all freight to and from said depot on regular schedule time, yet continued to use and occupy said right of way and tract of land thereby granted as well as the strip appurtenant to the additional side track aforesaid."

The plaintiff sought damages for the breach of the covenant by the defendant. The deed was not made a part of the declaration nor was the language of the covenant set out in *haec verba,* but it undertook to set up the substance of the agreement or covenant.

Certain pleas were filed by the defendant to which demurrers were interposed by the plaintiff. After the court ruled upon the demurrers the defendant interposed its amended pleas.

These amended pleas were substituted for the original pleas, they were not amendments, they were amended pleas, each plea was complete in itself, they bore the same numbers as the original and one other was added. The original

pleas became eliminated, they were no longer factors in the case, they were voluntarily put aside by the defendant and new ones embodying the complete defense were substituted. Why the original pleas and the demurrers thereto and the rulings of the court thereupon should have been included in the record it is difficult to understand.

The assignments of error based upon the court's rulings upon them and the arguments in relation to them we will ignore, for the reason that the case was presented by the declaration and the amended pleas. What orders were made upon demurrers to pleas that were abandoned and whether they were right or wrong became an immaterial question.

The first amended plea denied that the covenant declared on was the covenant of the United States and West Indies Railroad and Steamship Company. There was a replication to this plea. The replication was bad because it set up a different covenant to the one declared on. The plea was in effect *non est factum*. If there was no such covenant by the first purchaser there was none by the second. The defendant under that plea could take advantage of any material variance between the covenant set out and that produced in evidence. The replication was a departure from the cause of action set out in the declaration. The plea closed the issue. The replication offered new matter inconsistent with the declaration in avoidance of the plea which tendered the issue. The demurrer to the replication was properly sustained.

The second plea averred that there had been no record in the public records of Manatee County of the deeds and covenant declared upon and the defendant had no notice of such covenant. Issue was joined upon this plea.

. The third plea averred that the defendant had not abandoned the depot on the lands of the plantiff as a shipping point but that it was prepared, ready and willing to accept and receive shipments of freight to and from said point and that it continued to maintain its side track at that place ready for receipt of freight delivered to defendant for shipment to and from said point. The plea also treated the declaration as combining an action of covenant and trespass and pleaded not guilty as to the latter.

A demurrer to this plea was sustained. One ground of the demurrer was that the plea joined two distinct defenses to the "same alleged tort." Another ground was that the plea did not traverse all the "breeches of the covenant or agreement alleged in the declaration."

From these pleadings it appears that there was at this stage of the proceedings some doubt in the minds of counsel as to what manner of declaration had been filed. The plaintiff seemed to regard it as an action of tort for the violation of a legal right, also as an action of covenant, or that it might be regarded as an action of tort upon the breach of a duty growing out of a "covenant or agreement." The defendant treated the declaration as combining an action of covenant and an action of tort and pleaded to both. The court treated the declaration as one for the breach of a covenant. The demurrer was properly sustained because the plea contained two defenses to one cause of action, one of the defenses being inapplicable. If the declaration was in covenant the plea of not guilty was inapplicable, but if the declaration was for a tort growing out of a breach of contract, a denial of the breach of the contract was inapplicable, the plea of not guilty was the proper place. It seems that the proper procedure would have been a motion for compulsory amendment of the plea

by striking out that portion of it which was inapplicable. See Sec. 2630, Revised General Statutes.

The fourth plea averred that the land conveyed by the plaintiff to the United States and West Indies Railroad and Steamship Company for a side track and right of way and depot was not used and known as Terra Ceia Depot but had ceased to be so used and known at and before the alleged abandonment thereof by the defendant and its refusal to receive and receipt for all freight to and from said depot; that the defendant had fully performed the agreement in plaintiff's declaration mentioned by maintaining said depot at the point mentioned in the declaration from the date of the conveyance to it by the United States and West Indies Railroad and Steamship Company until the depot had ceased to be known as Terra Ceia Depot. The pleas also contained a plea of not guilty. A demurrer to this plea was sustained.

The fifth plea which averred that the covenants alleged in the declaration were not the covenants of the defendant in so far as they related to maintaining the depot; that they were not in writing, nor signed, nor sealed by the defendant and they were "not made, nor breached within three years next before the filing of plaintiff's suit thereon and the said trespass was not committed within three years next before the filing of plaintiff's suit." A demurrer to this plea was sustained correctly.

The sixth plea averred that the depot, alleged in the declaration to have been abandoned by the defendant, was not abandoned but was merely removed by order of the Railroad Commission to a point about three-quarters of a mile from the point of the original site. The plea also contained another plea of not guilty as to the trespass and the

Statute of Limitations. This plea was stricken upon motion of plaintiff.

The seventh plea also contained averments of facts that constituted no defense to the declaration and contained both the plea of not guilty to what the plaintiff conceived to be a trespass, and the Statute of Limitations.

The eighth plea was a repetition of the first and was properly stricken.

The ninth plea averred that the trespass complained of in the declaration "did not accrue within three years next before the filing of plaintiff's suit."

The tenth plea was withdrawn.

A replication to the ninth plea, which alleged that the trespass did not accrue within three years "before the filing of this suit by virtue of the continuing trespasses committed by defendant by the use and occupation of the land" was held by the court to be bad on demurrer.

After these various pleas, demurrers, replications and orders were made and filed the defendant interposed an amended tenth plea which averred that the consideration for executing the deed by the plaintiff to the United States and West Indies Railroad and Steamship Company was different from that alleged in the declaration and averred it to be the advantage which the plaintiff would derive through the construction of the railroad over and upon their land and that the grantee in that deed built its railroad and constructed its depot and maintained the same until the railroad properties were transferred to the defendant and that the defendant maintained and operated the railroad and railway station until the 11th of April 1918 "whereby and by reason whereof it has earned and is entitled to the land and premises aforesaid; and as to the

trespass in plaintiff's declaration alleged defendant says that it is not guilty.''

The record then shows that issue was joined upon all remaining pleas. Issue was therefore joined on the first, second, ninth and tenth pleas.

So that the issues presented upon the trial of this case were: first, that the deed and covenants in the plaintiff's declaration mentioned were not the deeds and covenants of the United States and West Indies Railroad and Steamship Company; second, that the deed and covenants set forth in the declaration were not recorded in the public records of Manatee County and the defendant had no notice of the deeds and covenants alleged; third, that the trespass alleged did not accrue within three years before the commencement of the action, and fourth, that the United States and West Indies Railroad and Steamship Company complied with its agreement by building its road and depot and maintaining the same until conveyed by it to the dedefendant; that the defendant had constructed and maintained the railroad and depot until the 11th of April 1918 and had therefore earned the right of way and depot site mentioned in the declaration because the real consideration for the deed was performed; and not guilty as to any trespass.

When the cause came on for trial the plaintiff offered in evidence the deed made on the 8th of February 1902 by Virginia Armstrong and F. C. Armstrong to the United States and West Indies Railroad and Steamship Company. The deed recited that the grantors in "consideration of the advantages derived by them through the construction of the United States and West Indies Railroad and Steamship Company and the sum of $5.00 dollars, lawful money of the United States" had granted and conveyed to the

grantee, its successors and assigns, the land described. The deed contained the following clause ''said Company agrees to receive and receipt for all freight to and from said Depot on regular schedule time. Said depot to be known as Terra Ceia Depot. Said Rightway for Depot & Side tract shall be one hundred wide on the south side of the tract by two hundred & fifty in length the Terra Ceia Spur tract of said United States and West Indies Railroad and Steamship Company, together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, possession or claim whatever, of the said parties of the first part, of, in, or to the said land herein conveyed.''

Objection was made to the reading of this instrument in writing upon the ground that there was a variance between the covenant set forth and contained in the instrument and the covenant alleged in the declaration; that there was a material variance between the deed offered and the deed described in the declaration; that the covenant contained in the deed and that described in the declaration were not the same in legal effect. This objection was sustained upon the ground that as the declaration declared upon a covenant ''that said depot should be maintained so long as its (defendant's) tracks over said right of way should be used'' and that the deed proffered in evidence does not ''show an obligation to maintain the depot (if at all) any longer than conditions remained substantially unchanged'' that there was a variance between the allegation and the proof. Such ruling by the court was correct.

There was not only a variance between the covenant declared on and that offered to be proved, as a mere reading of the two will show, but the covenant contained in the deed was not one running with the land but a mere personal

covenant. Not being a covenant which ran with the land the defendant acquired the land free of it. The covenant not only lacked the technical elements of a covenant running with the land but it failed to disclose that it was the purpose and intention of the parties to impress upon it the character of one running with the land. It was not made in behalf of the covenantee and its assigns, nor did it relate to a thing which was at the time in being and annexed to and appurtenant to the land. There was no agreement that the depot was to be maintained for any definite length of time but merely that the depot, which was to be erected on the place, should be known by a certain name. Beside this the legality of an agreement to locate a depot at a certain point is doubtful. As there was no effort to show that the defendant expressly or impliedly assumed the obligations of the covenant contained in the deed it did not become bound thereby when it acquired the property from the original grantee. See Spencer's Case, 1 Smith's Lead. Cas., 9th Am. ed. 174; 7 R. C. L. 1100-1109; Florida, C. & P. R. Co. v. State ex rel. Town of Tavares, 31 Fla. 482, 13 South. Rep. 103, 2 L. R. A. 419.

The other questions presented by the record need not be discussed.

The plaintiff is not precluded by this action from maintaining a right of action for the value of the depot site which was conveyed to the United States and West Indies Railroad and Steamship Company upon which to erect a depot because of the abandonment of same by the defendant and the retention of the land notwithstanding such abandonment, if such be the fact.

The judgment of the court is affirmed.

TAYLOR, C. J., AND WEST, J., concur.

WHITFIELD AND BROWNE, J. J., dissent.

WHITFIELD, J.—Dissenting.

In an action at law against the assignee and successor of a corporation covenantor brought by the covenantees in a deed conveying land for a right of way for a railroad and for a depot, &c., it is in effect alleged that in consideration of said grant and as an inducement therefor "said corporation covenanted and agreed in and by said deed and by the acceptance thereof that said depot should be maintained so long as its track over said right of way should be used and known as Terra Ceia Depot and that the company would receive and receipt for all freights to and from said depot on regular schedule time;" that the grantee accepted the grants and covenants, recorded said deed, entered upon and took possession of said right of way and depot site, built thereon in compliance with its covenant a railway station or depot, named the same Terra Ceia Depot, &c.; that thereafter the grantee corporation transferred and conveyed to the defendant corporation all its right, title and interest in and to all of said property, "and that said defendant received and accepted the same subject to the same duties and liabilities and under the same obligation toward said plaintiff by virtue of the covenants and agreements contained in the deed aforesaid as the same had theretofore been held by the" original grantee; that thereafter "the regular use of the station aforesaid was abandoned," &c. The pleader undertook to describe the deed of conveyance according to its legal effect as he understood it. Savage v. Ross, 59 Fla. 407, 52 South Rep. 16.

The deed of conveyance is to the grantee corporation and "its successors and assigns" and recites a nominal cash consideration for a right of way for the construction of"

a line of railroad, through described lands of the grantors; "also sufficient amount of land for depot, said company agrees to receive and receipt for all freight to and from said depot on regular schedule time. Said depot to be known as Terra Ceia Depot."

The main opinion holds that the deed offered in evidence is variant from that alleged in the declaration and that the covenant here considered is not one running with the land conveyed.

The test whether a covenant runs with the land or is merely personal is whether the covenant concerns the thing granted and the occupation and enjoyment of it, or is a collateral and personal covenant not immediately concerning the thing granted. If a covenant concerns the land and the enjoyment of it, its benefit or obligation passes with the ownership, but to have that effect the covenant must respect the thing granted or demised, and the act to be done or permitted must concern the land or estate conveyed. I Williston on Contracts, p. 755; Purvis v. Shuman, 273 Ill. 286, 112 N. E. Rep. 769, L. R. A. 1917A 121. The grant being to the grantee "its successors and assigns forever" the facts of this case do not make it conflict with the decision in Spencer's Case, 5 Coke 16, 15 Eng. Ruling Cas. 233; 15 C. J. 1241; 7 R. C. L. 1100.

The conveyance was of a right of way "also sufficient amount of land for depot," to the grantee corporation "its successors and assigns forever" and contains the following: "Said company agrees to receive and receipt all freight to and from said depot on regular schedule time, said depot to be known as Terra Ceia Depot." This clearly is a covenant running with the land and is binding on the grantee corporation that accepted the conveyance and on "its successors and assigns." Dunn v. Barton, 16 Fla. 765; Mobile

& M. Ry. Co. v. Gilmer, 85 Ala. 522, 5 South. Rep. 138; Gilmer v. Mobile & M. Ry. Co., 79 Ala. 569; Georgia Southern Railroad v. Reeves, 64 Ga. 492; Sexauer v. Wilson, 136 Iowa 357, 113 N. W. Rep. 941, 14 L. R. A. (N. S.) 185; Hagerty v. Lee, 54 N. J. L. 580, 25 Atl. Rep. 319; 7 R. C. L. 1109, 1123; 11 Cyc. 1080, 1092; Am. & Eng. Ency. Law. (2nd ed.) 134, 144; Lydick v. B. & O. R. Co., 17 W. Va. 427; 82 Am. St. Rep. Notes, P. 674; 15 C. J. 1240, 1252; 2 Devlin on Real Estate (3rd ed.) Sec. 940; Atlanta, K. & N. R. Co. v. McKinney, 124 Ga. 929, 53 S. E. Rep. 701, 6 L. R. A. (N. S.) 436; Scheller v. Tacoma Ry. & Power Co., 108 Wash. 348, 184 Pac. Rep. 344, 7 A. L. R. 810. See also Silver Springs, O. & G. R. Co. v. Van Ness, 45 Fla. 559, 34 South. Rep. 884; 15 C. J. 1240, 1252, 1262; Sexauer v. Wilson, 136 Iowa 357, 113 N. W. Rep. 941, 14 L. R. A. (N. S.) 185; Purvis v. Shuman, 273 Ill. 286, 112 N. E. Rep. 679, L. R. A. 1917A 121; Carnegie Realty Co. v Carolina, C. & O. R. Co., 136 Tenn. 300, 189 S. W. Rep. 371; Harper v. Virginia R. Co., 76 W. Va. 788, 86 S. E. Rep. 919, Ann Cas. 1918D 1081; 2 Elliott on Railroads (3rd ed.) Sec. 1167; Taylor v. Florida East Coast Ry. Co., 54 Fla. 635, 45 South. Rep. 574, 16 L. R. A. (N. S.) 307; 8 L. R. A. 604.

There appears to be no substantial variance between the deed of conveyance declared on and that offered in evidence.

BROWNE, J., concurs in this dissent.