Oscar J. Shelfer, *et al.,* v. American Agricultural Chemical Co.

152 So. 613.
Division A.
Opinion Filed Dec. 4, 1933.
Petition for Rehearing Denied Feb. 7, 1934.

*John B. Singeltary,* for Plaintiff in Error;

*W. D. Bell,* for Defendant in Error.

ELLIS, J.—A writ of error was taken by Oscar J. Shelfer, J. O. Shelfer, A. T. Shelfer and D. M. Shelfer to a judgment entered against them in an action on a promissory note begun and maintained by the American Agricultural Chemical Company, a corporation.

The declaration alleged that Oscar J. Shelfer executed the note as maker and the defendants, J. O., A. T. and D. M. Shelfer executed it as "sureties, guarantors and endorsers at or before the execution and delivery" of the promissory note. The note was dated November 9, 1928, and payable to The American Agricultural Chemical Company one year after date, with interest at eight per cent. per annum; that the sum of only Five hundred and seventy-two dollars and sixty-three cents had been paid and the balance due remained unpaid. The declaration also alleged that the note provided for the payment of attorney's fee in the event collection by an attorney became necessary. The declaration was filed December 2, 1929. A copy of the note is attached to the declaration, but not made a part of it.

J. O., A. T. and D. M. Shelfer demurred to the declaration, but the demurrer was overruled.

On July 15, 1930, Oscar J. Shelfer interposed two pleas to the declaration "as amended." No declaration as amended appears in the transcript. It will be assumed that the pleas were addressed to the declaration filed July 15, 1930. The first plea averred that Oscar J. Shelfer was

induced to make the note by "duress of the plaintiff"; by the plaintiff "threatening to unlawfully imprison" the defendant if he would not make the note, and the defendant made the note in fear that the threat would be immediately carried into execution and to avoid the unlawful imprisonment.

The second plea was a plea of want of consideration for the promise in that it was made under duress in the same manner as alleged in the first plea.

J. O., A. T. and D. M. Shelfer interposed pleas in the same words substantially. The first averred that they were induced to "make the alleged promise" by duress in that the plaintiff threatened to unlawfully imprison Oscar J. Shelfer, the son of J. O. Shelfer and nephew of A. T. and D. M. Shelfer "unless they would make the same," and that in fear that the threat would be carried into execution and to avoid the unlawful imprisonment of Oscar J. Shelfer they executed the note. The second plea averred that they were secondarily liable as the note was endorsed by them subsequently to execution and delivery. The third plea averred a want of consideration and set up the same averments as made in the second plea offered by O. J. Shelfer. Demurrers were interposed to both sets of pleas. The demurrer to the first plea of O. J. Shelfer was sustained as was also the demurrer to the first plea of the other three Shelfers.

The case therefore went to trial on the second plea of O. J. Shelfer that the note was without consideration because it had been executed by duress of the plaintiff which threatened to unlawfully imprison the maker of the note unless he executed it which he did to avoid the execution of the threat, and on the third plea of the three Shelfers which set up the same defense, and on the second plea which averred that the three Shelfers were secondarily liable as the note was endorsed by them after execution and delivery.

There is no bill of exceptions in the case. There was a verdict and judgment for the plaintiff against the defendants jointly.

There were two motions in arrest of judgment; one in behalf of O. J. Shelfer on the ground that the demurrer to the first plea was erroneously sustained, and one in behalf of the three Shelfers on the ground that the demurrer to the declaration was improperly overruled and the plaintiff's demurrer to the first plea interposed by them was improperly sustained.

The plaintiffs in error by their counsel say that the judgment should have specified the defendants who are liable secondarily for payment as endorsers, guarantors or otherwise, and that the declaration was fatally defective for failure to allege that the endorsers had notice of the presentment and dishonor or that they waived presentment. They further contend that the first plea of each set of pleas was a good defense.

The second proposition may be disposed of as being without merit because the defendants had the full benefit of that defense under the second plea of O. J. Shelfer and the third plea of the endorsers in which was set up the lack of consideration because the note was executed and endorsed for no other reason than because of the alleged threat by the plaintiff to unlawfully imprison the defendant, O. J. Shelfer, and only to avoid the execution of such threat.

When a plea avers certain facts as a defense and such plea is eliminated but the defendant has full benefit of such defense under another and different plea no harmful error is committed by the elimination of the plea.

This Court has repeatedly held that pleas amounting to the general issue or which set up facts which could be given in evidence under the general issue should be stricken out.

See Wade v. Doyle, 17 Fla. 522; Walter v. The Florida Savings Bank, 20 Fla. 826; Barco v. Fennell, 24 Fla. 378, 5 South. Rep. 9; Engelke & Feiner Milling Co. v. Grunthal, 46 Fla. 349, 35 South. Rep. 17; Key West v. Baldwin, 69 Fla. 136, 67 South. Rep. 808; Hollingsworth v. Norris, 77 Fla. 498, 81 South. Rep. 782.

The principle controlling such rule is that if one has all the benefits of a defense under one plea there is no reason for encumbering the record with another and different plea purporting to utilize the same averred facts in defense.

The Court has expressly held that where a party is not injured by the ruling of a trial court upon his pleas, but is allowed to avail himself under the pleas which are filed and not stricken of the matters sought to be presented under the pleas which are stricken the rulings will not be considered as reversible error even if the pleas stricken should have been allowed to stand. See Walter v. Florida Savings Bank, *supra;* Williams Co. v. Pensacola, St. A. & G. S. S. Co., 57 Fla. 237, 48 South. Rep. 630; Sovereign Camp of W. O. W. v. McDonald, 76 Fla. 599, 80 South. Rep. 566; Armstrong v. S. A. L. Ry. Co., 85 Fla. 126, 95 South. Rep. 506.

The defendants were not prevented by the rulings as to the first plea of each set from setting up the same facts averred in those pleas to show under the other pleas which were not stricken that the note sued upon was wholly without consideration as it was executed under a threat of the unlawful imprisonment of O. J. Shelfer and only to avoid the execution of that threat. In the absence of a bill of exceptions we must assume that those issues were properly tried. Williams Co. v. Pensacola, St. A. & G. S. S. Co., *supra.*

The question therefore recurs upon the first proposition

that the declaration was fatally defective for failure to allege that the endorsers had notice of presentment and dishonor and that the judgment should specify which of the defendants are liable secondarily.

Now there was a plea numbered two which averred that the three Shelfers who endorsed the note were secondarily liable and not primarily so because they endorsed the note subsequently to its execution and delivery. In the absence of a bill of exceptions we must and do presume that the issue was properly tried. See Williams Co. v. Pensacola St. A. & G. S. S. Co., *supra*. That being true, then we must presume that the jury found the fact to be that the note was endorsed before or at the time of its execution and delivery.

Now the declaration alleges that J. O., A. T. and D. M. Shelfer as "sureties, guarantors and endorsers at òr before the execution and delivery of said promissory note, by their promissory note, now overdue, promised to pay." The declaration alleges that Oscar J. Shelfer was maker and the three others were "sureties, guarantors and endorsers."

Section 6819 C. G. L. 1927 (4733 R. G. S. 1920) provides that the maker or makers of promissory notes or other negotiable instruments and all other persons who at or before the execution and delivery thereof endorsed, guaranteed or became the surety for the payment thereof or otherwise secondarily liable for the payment of the same may be sued in one and the same action. This law does not amend the Negotiable Instruments Law so as to make negotiable instruments join contracts on the part of the maker and those secondarily liable. See Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 South. Rep. 517.

The maker and those secondarily liable may be sued in one action and the statutes in another section provide that the final judgment shall specify and indicate the defendant

or defendants who are liable for payment only as endorser, surety, guarantor, or otherwise secondarily liable. Sec. 6820 C. G. L. 1927 (4734 R. G. S. 1920). But a person not named as a payee of a note who puts his name on the back of a note before delivery to the payee upon the faith of which money was loaned or credit given by the payee to the maker is liable on it as an original promisor, although it be proved that he wrote his name on the note as surety for the maker. His liability is that of a joint and several maker of the note. In such a case there may be no specific allegation in the declaration that money was loaned or credit given by the payee to the maker upon the faith of the endorsement. See Melton v. Brown, 25 Fla. 461, 6 South. Rep. 211; McCallum v. Driggs, 35 Fla. 277, 17 South. Rep. 407.

The allegation in the declaration that the three Shelfers as "sureties, guarantors and endorsers at or before the execution and delivery of said promissory note, by their promissory note, now overdue, promised to pay to the plaintiff" was an allegation of an irregular and anomalous endorsement by which they became liable as joint makers and could be sued jointly with the other maker. 8 C. J. 853; Fay & Co. v. Jenks & Co., 78 Mich. 312, 44 N. W. Rep. 380.

So no statute was required to enable the joinder of all the endorsers with the maker under the allegation made. Sections 6819, 6820 C. G. L., *supra,* are not applicable.

The principle is explained by Judge Story in his work on promissory notes to be to expound the particular transaction without reference to the form which it has assumed in such manner as will best carry into effect the substantial intention of the parties, *ut res magis valeat quam pereat,* rather than by a close or technical interpretation adhere to the letter and defeat the object for which the transaction

must have taken place. Such is in substance the language of Judge Mitchell in Melton v. Brown, *supra*.

Now the second plea interposed by the three Shelfers presented the issue as to whether the endorsement was made before delivery, and the judgment indicates that the jury found against the defendants, who denied that allegation in the declaration.

No error in the record.

Judgment is affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., absent and not participating because of illness.