47 So.2d 602 (1950)
DADE COUNTY
v.
BRIGHAM et al.
Supreme Court of Florida, en Banc.
March 14, 1950.
On Rehearing July 25, 1950.
*603 Hudson & Cason, Miami, John W. McWhirter, Calvin Johnson, Tampa, and A.M. Black, Dania, David V. Kerns, Tampa and Risdon Boykin, Chattahoochee, for appellant.
E.F.P. Brigham, and T.C. Britton, Miami, for appellees.
HOBSON, Justice.
This case is before us on petition for writ of certiorari. The primary and controlling question presented for our determination is whether the Circuit Judge erred in taxing the fees of expert witnesses who testified for the appellees, defendants below, as costs against the appellant, petitioner below, in a condemnation proceeding. The appellant insists that expert witnesses' fees are not legal costs as contemplated by the statutes of the State of Florida and are wholly unauthorized by law. In support of its position the appellant relies heavily upon our opinion and judgment in the case of Inland Waterways Development Co. v. City of Jacksonville, Fla., 38 So.2d 676, 678, and entertains the view that the opinion and judgment in that case concluded the question raised in this case favorable to appellant's position. We do not believe that the holding in the case of Inland Waterway Development Co. v. City of Jacksonville, supra, is necessarily or inevitably controlling.
In that case this Court, speaking through Mr. Justice Terrell simply stated the general rule as follows:
"As to the cost of expert witnesses, the rule generally approved is that the condemnor is not required to pay such costs beyond the amount allowed by law as per diem for ordinary witnesses, the reason for the rule being, that expert witnesses sell their services much as law services and other professional services are sold, he is not required by law to testify, hence he must be paid by the one who produces him."
To recite and approve a general rule in one case is not the equivalent of establishing it as an unyielding, inflexible guide in every case. We clearly indicated we were not deciding that the general rule with reference to expert witnesses' fees would obtain without exception. The question as stated by Mr. Justice Terrell was "Whether or not the petitioner is required to pay the charges of expert witnesses, including the cost of photographs and certified copies of public records * * *." (Italics supplied). We have held that an opinion emanating from this Court must be construed in the light of the facts and circumstances of the case which was then before us for decision. Pearson et al. v. Taylor, 159 Fla. 775, 32 So.2d 826; Kahn v. American Surety Co. of New York, 120 Fla. 50, 162 So. 335; Shelfer v. American Agr. Chemical Co., 113 Fla. 108, 152 So. 613. After stating the question above quoted the writer of that opinion then said:
"We can think of no reason why photographs and certified copies of public records would have any place in the proof of `full compensation' or `just value' for lands condemned for public use, but if in the discretion of the trial court such instruments were of use value in a condemnation proceeding, we would not be inclined to hold him in error except upon a very strong showing of abuse of discretion." (Italics supplied.)
The effect of our ruling was an affirmance of the Circuit Judge who disallowed expert witnesses' fees. In the present case the Circuit Judge allowed expert witnesses' fees and included them in the judgment. He gave sound, logical and cogent reasons therefor and determined that in this case expert witnesses definitely were of "use value" for they were essential in order for the defendants below to meet the plaintiff, Dade County, upon equal footing. We quote from this order:
*604 "Freedom to own and hold property is a valued and guarded right under our government. Full compensation is guaranteed by the Constitution to those whose property is divested from them by eminent domain. The theory and purpose of that guaranty is that the owner shall be made whole so far as possible and practicable.
"The courts should not be blind to the realities of the condemnation process. Any excuse which the Court might have for disclaiming knowledge of just what goes on, is entirely removed by the fact that the Court itself views the trial and proceedings and has personal knowledge of all such matters. The Court sees that the County is armed with engineering testimony, engineering data, charts and drawings prepared by expert draftsmen.
"The court sees that the County produces appraisers, expert witnesses relating to value, usually more than one in number, whose elaborate statement of their qualifications, training, experience and clientele indicate a painstaking and elaborate appraisal by them calling for an expenditure by the County of fees to such experts and appraisers which are commensurate therewith, and customary for like services of such persons. A lay defendant whose property is to be taken is called upon to defend against such preparation and expert testimony of the County. It is unreasonable to say that such a defendant must suffer a disadvantage of being unable to meet this array of able, expert evidence, unless he shall pay for the same out of his own pocket.
"Can the County contend that such high priced evidentiary items are not a part of the `costs of the proceedings' when they themselves by presentation of the same in their case, make them a part of the proceedings in their behalf?"

* * * * * *
"It does not follow that all expenses to which the defendant elects to put himself in connection with the defense of such a case may be collected on a costs judgment. It is the duty of the Court to inquire into the items of cost, to be satisfied, for example that the appraisers are not too numerous, and that their charges are proper, that the engineering fees and charts, drawings, maps, photographs etc. were reasonably considered necessary by counsel for defendants in their handling of the case and that they appear to the Court to have been reasonably deemed necessary as to kind and quantity, and the same applied to other costs which the Court may be called upon to allow which are outside of the customary law suit type of court costs consisting of clerk's and sheriff's charges and witness per diem fees and simple reporting charges."
"The evidence presented before me established that the charges of the various experts were reasonable and within the range of those customarily charged and paid in this community for services of similarly qualified persons for similar services.
"To the extent that costs are reasonably and necessarily incurred in the defense of a condemnation case like this they should be allowed, subject to court reviews thereof, and determination as to the necessity and propriety by the Court as indicated above."
The foregoing observations of the learned Circuit Judge need but slight amplification. We approve the logic of his pronouncements. We might, and do, add thereto the thought that Section 73.16, Florida Statutes 1941, F.S.A., which provides "All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee * * *" should be construed in the light of Section 12 of our Declaration of Rights, F.S.A., which declares that private property shall not be taken "without just compensation." (Italics supplied.) When so construed the language "All costs of proceedings * * *" must be held, in a proper case, to include fees of expert witnesses for the defendants. The allowance or disallowance of such fees should be a matter for the trial judge to decide in the exercise of sound judicial discretion.
Since the owner of private property sought to be condemned is forced into court by one to whom he owes no obligation, it cannot be said that he has received "just compensation" for his property if he is compelled to pay out of his own pocket the expenses *605 of establishing the fair value of the property, which expenses in some cases could conceivably exceed such value. The plight of the land owner in this situation is well stated by the New York court in Re Water Supply in City of New York, 125 App.Div. 219, 109 N.Y.S. 652, 654, as follows:
"He does not want to sell. The property is taken from him through the exertion of the high powers of the statute, and the spirit of the Constitution clearly requires that he shall not be thus compelled to part with what belongs to him without the payment, not alone of the abstract value of the property, but of all the necessary expenses incurred in fixing that value. This would seem to be dictated by sound morals, as well as by the spirit of the Constitution; and it will not be presumed that the Legislature has intended to deprive the owner of the property of the full protection which belongs to him as a matter of right."
It is our view that we should deny certiorari and uphold the order entered by the Circuit Judge. In so doing we are not running counter to our conclusion in the Inland Waterway Co. suit for there we upheld the general rule and the opinion in that case does not indicate that the ruling of the Circuit Judge was challenged on the ground of abuse of discretion. Had the circumstances there justified an exception to the general rule, abuse of discretion might have entered into that picture and conceivably our opinion might have been different. We sustained the invocation by the trial judge of the "general rule" and his exercise of sound judicial discretion in applying it. In this case we sustain the trial judge for recognizing an exception to the "general rule" and his exercise of sound judicial discretion.
Certiorari denied.
ADAMS, C.J., and TERRELL, SEBRING and ROBERTS, JJ., concur.
CHAPMAN and THOMAS, JJ., dissent.
CHAPMAN and THOMAS, Justices (dissenting).
We dissent. See Inland Waterway Development Company et al. v. City of Jacksonville, Fla., 38 So.2d 676.

On Rehearing.
PER CURIAM.
Pursuant to an order granting a rehearing and reargument in this cause, the Court has heard arguments of counsel for the respective parties for the second time and, being now fully advised in the premises, it is our conclusion that we should adhere to our former opinion and judgment entered herein.
It is so ordered.
ADAMS, C.J., SEBRING, HOBSON and ROBERTS, JJ., concur.
TERRELL, CHAPMAN, and THOMAS, JJ., dissent.