CARROLL, CHAS., Judge.
After judgment in an eminent domain suit in which Dade County was the petitioner, an order was entered charging costs of the proceeding against the petitioner. Section 73.16, Fla.Stat., F.S.A.; Dade County v. Brigham, Fla.1950, 47 So.2d 602, 18 A.L.R.2d 1221. Included in the allowed items of costs was $2,432.49 for services of an architect for planning alterations and additions .to two buildings made necessary to preserve their usefulness. Dade County petitioned to review the cost judgment. Rule 3.16(c), F.A.R., 31 F.S.A. The county contends here that the item should not have been állowed as a cost because it was offered as an element of damage in the main action. The item was shown in evidence and claimed in argument at the trial as an allowable element of damage as severance expense. Respondent contends that the expense played a dual role, as an element of damage and also as a cost by serving to show the necessary alterations, etc. The petitioner agrees, but contends that the item can not be claimed both as an element of damage and as costs. The verdict rendered was some $5,000 above the value or appraisal amounts testified to by witnesses on behalf of the county, but was substantially less than the values advanced by witnesses for respondent. The cost order does not state the reason or ground on which the judge held this item allowable as a cost. Respondent argues that the judge concluded the jury had rejected it from their verdict. There is nothing in the record to support a surmise that the element was not included in the verdict. Evidence regarding it as an element of damage was allowed to go before the jury, and the verdict was adequate in amount to have included it. We conclude, therefore, that the learned trial judge was in error in including the bill for architect’s services in the judgment for costs, and its allowance represented an abuse of discretion for which the challenged cost order should be and hereby is modified, to eliminate therefrom the said cost item number 11, for architectual services.
It is so ordered.
HORTON, C. J., and PEARSON, J., concur.