LEE, THOMAS E., Jr., Judge.
This appeal concerns the validity of a summary judgment entered in a common law action instituted by the appellees, as plaintiffs, to collect damages from the appellants, as defendants, for failure to perform covenants contained in a contract to purchase and a deed to certain real property.
It appears, from the record on appeal, that some time prior to August 8, 1958, the appellees [as sub-dividers] subdivided certain land within the municipal limits of the City of Miami, at which time they executed an agreement with the City of Miami providing for the construction of sidewalks, curbs and streets in said subdivision, said improvements to be completed within a date certain. Thereafter, the property was conveyed to the appellant, Headley Development Company, Inc., pursuant to a contract with Joseph G. Headley, individually, wherein and whereby both in the contract and in the deed the appellants assumed and agreed to comply with the street improvement agreement entered into by the sub-divider and the City of Miami. Subsequently, the appellant, Headley Development Company, Inc., transferred the land in question to a third person, who is not a party to this law suit. Said transfer was made subsequent to the date the improvements were to be constructed within the subdivision and without said improvements being made. Following a default on the part of the appellants in constructing the improvements, the City of Miami called upon the appellees to comply with their original improvement agreement, which they did. Following the completion of same and an expenditure being made, the appellees instituted the instant action in the trial court to collect the amount necessary to complete the performance of the improvement agreement which had been assumed by the appellants. A favorable summary judgment was rendered the appellees. The appellant has appealed and preserved for review only the correctness of the conclusion of law applied by the trial judge, to wit: that the covenant in question was a personal agreement and not a covenant running with the land.
It appears from the authorities that a covenant to make improvements is one which binds the covenantor, notwithstanding the fact that he ultimately transfers the real property involved prior to completing the improvement. See: Armstrong v. Seaboard Air Line Ry. Co., 1922, 85 Fla. 126, 95 So. 506. There is authority that certain types of covenants of improvement being those of a continuous or perpetual nature do, in fact, run with the land and are enforceable against subsequent grantees for improvements necessitated under *174 the continuing covenant, subsequent to the date they receive title. See: 5 Powell, Real Property, 197. However, even these covenants do not release a prior grantor from liability for improvements which should have been made prior to the date of the transfer of the fee. If such were the case, a grantee of real estate being in default of a covenant to improve could cure his own wrongdoing merely by transferring the real property in question. Therefore, it appears that the actions of the trial judge in granting the summary judgment here under review were correct, and the final summary judgment is hereby affirmed.
Affirmed.