## CITY OF JACKSONVILLE BEACH v. ROSALIE'S BAR, Inc., et al.
### No. 64-745-L.

Circuit Court, Duval County.
July 14, 1964.

---

Stephen Stratford and C. Ray Greene, Jr., both of Jacksonville, for plaintiff.

Kurz, Toole, Maness & Martin, and Frank Thompson, all of Jacksonville, for defendants.

FRANK H. ELMORE, Circuit Judge.

*Memorandum opinion and order denying motion for new trial:* This is a suit in eminent domain, the petitioner exercising powers granted it by the legislature under the constitution to appropriate private property to public use on payment of full and just compensation. The defendant, Rosalie's Bar, Inc., owns and operates a package store and cocktail lounge in the building being taken, the murals and most furnishings of which were custom designed and made to carry out the motif of the unique decor of the place. The defendant answered the petition, asserting its demand for full compensation for the taking of its property as constitutionally guaranteed it. Besides market value, the defendant included six elements of claimed damages in its answer. On petitioner's motion, the court struck four of them but allowed the defendant to plead (1) "damages for the fair market value of custom made fixtures in said building which have no further utility after the taking herein"; and (2) "the cost of moving and relocation of said business located on the property taken". Issue was joined

on petition and answer and the cause was tried to a jury of twelve men, who returned a verdict for the petitioner assessing compensation within the poles of value fixed by the evidence.

Petitioner has timely filed a motion for a new trial upon twenty-three grounds. Its attorneys and those for the defendant, Rosalie's Bar, Inc., have orally argued that motion and have supported it by written memoranda filed with the court. The court has studied the disputations of learned counsel and is grateful for their able assistance.

Allowance of damages for the cost of moving and relocation is not in controversy. As construed by the court, the gravamen of the motion, considering most of its grounds as a collective whole, is that it is error to allow damages for the "custom-made fixtures" made useless by the taking. These remarks are directed to the tenability of that position.

Clear away the tangled overgrowth and you see clearly the keystone, the *ratio decidendi*, of this case. The umbrage grew out of equivocation about the meaning of the term "fixtures" in the context of this litigation, in which the court confesses complicity, and prays pardon for the consequent confusion. It was a case of juridical myopia: the trees obscured the forest. Whether the so-called "fixtures", in whole or in part, were or were not part of the realty is immaterial, as will be developed *infra*.

The people of the state of Florida ordained by its constitution that *full* compensation should be made to the owner of private property appropriated to the use of any corporation or individual and declared it as a right that private property should not be taken without *just* compensation. In construing these constitutional guarantees as applied to a landowner's right to reasonable compensation for the cost of moving its personal property, in an eminent domain proceeding, the Supreme Court of Florida in 1958 declared a sound doctrine. Jacksonville Expressway Authority v. DuPree Co., 108 So.2d 289. That teaching, although its application was limited in that case to moving costs, was of broad scope. The court said —

> Although fair market value is an important element in the compensation formula, it is not an exclusive standard in this jurisdiction. Fair market value is merely a tool to assist us in determining what is full or just compensation, within the purview of our constitutional requirement.

> In Dade County v. Brigham, supra, 47 So. 2d 602, 604, this court, adopting as its own the language of the circuit judge, said:

>> "Full compensation is guaranteed by the constitution to those whose property is divested from them by eminent domain. The theory and purpose of that guaranty is that the owner shall be made whole so far as possible and practicable."

In the past this court has used additional tools in determining what constitutes just or full compensation in a particular case. We have allowed compensation for damage to remaining lands. Orange Belt Ry. Co. v. Craver, 1893, 32 Fla. 28, 13 So. 444; State Road Department of Florida v. Zetrouer, 1932, 105 Fla. 650, 142 So. 217. Also, this court has required the taker to reimburse the owner for appraiser's fees incurred in establishing the extent of his damage. Dade County v. Brigham, supra.

Although the contention that moving costs have no bearing on the fair market value of the premises may be meritorious in other jurisdictions, it has no merit of Florida, where an owner is constitutionally guaranteed full or just compensation. The theory and spirit of such a guarantee require a practical attempt to make the owner whole. Dade County v. Brigham, supra, 47 So. 2d 602; Dade Co. v. Houk, Fla., 1956, 89 So. 2d 649. A person who is put to expense through no desire or fault of his own can only be made whole when his reasonable expenses are included in the compensation.

And Mr. Justice Drew, in a concurring opinion, heralded future application of the doctrine when he said — "It was never intended that the sovereign could place on the shoulders of an individual the burden of paying out his own money in order that the public could use his property against his will." If government is to use the property of one for the benefit of many, it must not abuse the individual in serving the multitude. That way lies tyranny.

At the trial the court was and now is of the opinion that both allowed elements of the answer are "additional tools" for determining full and just compensation, the former by expedient application of the principle, the latter by express authorization, of the DuPree doctrine. The petitioner knew or should have known that the defendant, Rosalie's Bar, Inc., would support its answer by evidence of its "reasonable expenses" to be included in the award to make it whole. To deny that would partake of abortive advocacy. For if "fixtures", meaning a part of the realty, be all that was intended by the answer, then that element becomes a serpent consuming itself, a veritable *nudum argumentum ex quo non oritur actio*. (A naked argument from which no action arises). Because the value of such fixtures would be considered absent special pleading. To put it syllogistically — the duty to pay for taking realty is conceded; fixtures are realty; therefore the duty to pay for taking fixtures is conceded. Thus, petitioner's claim of surprise at the admission of evidence of the depreciated value of the "custom-made fixtures" (defined by the witness McDonald as "booths, tables, chairs," etc.) has a hollow ring: it is empty of conviction.

An award which embraces both allowed elements does not constitute double damages as contended by petitioner, which admits that the condemnor should pay for removal and relocation of trade

fixtures. The value of the removed items would thus appear not to militate against or be relevant to an award for their removal.

The amendment of the answer to conform to the evidence was probably superfluous; at worst, it is harmless; at best, it is the apparent made comprehensible in terms of the obvious.*

In DuPree the court said — "Justice requires that the cost of the removal should be added." Here, justice requires that the depreciated value of the removable trade fixtures "which have no further utility after the taking" be added also to the fair market value of the land and improvements to assure the owner the full and just compensation guaranteed it.

Grounds neither comprehended by this memorandum nor touched by its implications are deemed without merit and to warrant no discussion.

Recognizing no error, the motion for a new trial is denied.

---

*As amended, the discussed part of the answer reads — "damages for the fair market value of custom made fixtures *and other personal property* in said building which have no further utility after the taking herein".