BENTON, C.J.,
concurring in part and dissenting in part.
Except as to portions of the AVA Engineers, Inc. (AVA) order, I concur in the affirmance of the three post-judgment orders entered in favor of Titus Harvest Dome Spectrum Church, Inc. (Church) awarding costs incurred in defending an eminent domain proceeding instituted pursuant to section 73.091, Florida Statutes (2008). A portion of the costs awarded to AVA for services it rendered to the Church is duplicative of the “cost to cure” plan * the Church presented to the jury at trial as part of its proof of damages. Treating these AVA services as costs as well as part of the Church’s “cost to cure” sought as damages was improper. The damages awarded by the jury greatly exceeded and presumptively included the “cost to cure.” See Dade Cnty. v. Cross, 127 So.2d 141, 142 (Fla. 3d DCA 1961), overruled in part on other grounds by Chatlos v. City of Hallandale, 220 So.2d 353 (Fla.1968).

 "In effect, the 'cost to cure’ is the cost of an attempt to ameliorate the damage to value sustained by the property as a result of the partial taking by the government.” Fla. Dep't of Transp. v. Annadillo Partners, Inc., 849 So.2d 279, 285 (Fla.2003). The "cost to cure” is an appropriate component of a damages award when there has been a partial taking. Id.